(75 N. W. Rep. 926.)

---

EDWIN H. McHENRY, *et al vs.* J. J. ROPER, *et al.*

Opinion filed May 28th, 1898.

**Appeal—Statement of Case—Settlement—When Unnecessary.**

> Where the answer admits facts showing that plaintiff is entitled to the relief prayed for, it is not necessary for the plaintiff to settle a statement of the case in order to secure a reversal by the Supreme Court of the judgment rendered against him by the District Court. In such a case, there is no issue of fact to be tried, under section 5630, Revised Codes, either in the District Court originally, or *de novo* in the Supreme Court.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by Edwin H. McHenry and Frank G. Bigelow, receivers of the Northern Pacific Railroad Company, against J. J. Roper, as treasurer of Stutsman County, and others, to set aside certain tax sales and deeds. From a judgment canceling the deeds, but giving the holders judgment against the receivers for the amount of the taxes, plaintiffs appeal.

Modified.

*James B. Kerr, J. B. McNamee,* and *Ball, Watson & Maclay,* for appellants.

This case is ruled by the decision of the Supreme Court of the United States. *McHenry* v. *Alford,* 18 Sup. Ct. Rep. 242, and *Wells County* v. *McHenry,* 7 N. D. 246, 74 N. W. Rep. 241. In a case tried without a jury, the Supreme Court will review errors apparent upon the record, where the record does not contain the evidence and a trial *de novo* cannot be had. *Doran* v. *Dazey,* 5 N. D. 167; *First Nat. Bank* v. *Merchants Nat. Bank,* 5 N. D. 161. Ch. 83, Laws 1893, was substantially re-enacted in § 5630, Revised Codes. This statute was taken from Iowa. McLeans Ann. Stat.

of Iowa, § 3949; Rev. § 2742. The Iowa courts have held under this statute that where the evidence taken upon the trial is not preserved and made a part of the record so that the court can try the case *de novo*, errors apparent upon the record will be reviewed. *Jordan* v *Wirner*, 45 Ia. 65; *Lutz* v. *Wirner*, 47 Ia. 307; *Kershman* v. *Swehla*, 62 Ia. 654; *Schmeltz* v. *Schmeltz*, 52 Ia. 512.

*S. E. Ellsworth*, and *F. Baldwin*, for respondents.

This case was tried below under the provisions of § 5630, Rev. Codes; *Otto Gas Engine Works* v. *Knerr*, 7 N. D. 195, 73 N. W. Rep. 87. And if tried in this court can only be tried anew; *Taylor* v. *Taylor*, 5 N. D. 61; upon the record and the whole record made in the lower court. *Nichols & Shepard Co.* v. *Stangler*, 7 N. D. 102, 72 N. W. Rep. 1089. A case tried in the court below without a jury will not be tried anew in this court if either evidence or findings do not appear in the record. (7 N. D. 102 and 195.) Therefore this appeal should be dismissed.

CORLISS, C. J. The only question before us is one of practice. Upon the merits, if we can reach the merits, the plaintiffs are entitled to judgment. The action was commenced to set aside certain tax sales and deeds for taxes levied in 1888 upon lands belonging to the Northern Pacific Railroad Company under the grant made to it by congress in 1864. The answer contained admissions which bring the case within our decision in the case of *Wells Co.* v. *McHenry*, 7 N. D. 246, 74 N. W. Rep. 241, holding that such lands were exempt from taxation during the year 1888. It therefore appears to us, upon the face of the judgment roll, that plaintiffs should have recovered an unconditional judgment for the relief prayed for in the complaint; whereas the judgment in fact rendered was that, as a part of the judgment that the tax deeds be canceled, the holders of such deeds should recover judgment against the plaintiffs as receivers of the Northern Pacific Railroad Company for the amount of the taxes, with interest. We must reverse this judgment, and order that an unqualified judgment be rendered in favor of the plaintiffs, unless

we are powerless to do so because of the fact that the plaintiffs waived findings of fact, and have brought the case before us on the original judgment roll, without settling a statement of the case. We do not consider that section 5630, Revised Codes, applies to this case at all. The plaintiffs do not seek to have retried an issue of fact, but merely to obtain that judgment which, upon the face of the pleadings, they are entitled to, and which the District Court should have rendered in their favor. The statute referred to proceeds on the theory that there are issues to be relitigated in the appellate court. But in this case there is no issue. Whatever other averments the answer may contain, the fact remains that it admits that the tax was originally void, or, at least, was extinguished, before the proceedings were taken to enforce it. The defendants concede by their pleadings that plaintiffs are entitled to the relief they ask. Of what use to us in making final disposition of such a case would findings of fact or evidence be? But it is suggested that the answer may have been amended. If so, the record would disclose the fact. No amended answer appears in the judgment roll, nor is there found therein any order allowing an amendment of the answer. It is the business of a suitor who has amended his answer, if he wishes to sustain a judgment in his favor, to show that a fatal admission in his original answer has been withdrawn; and that he can show only by incorporating in the judgment roll the amended answer, or at least, the order which authorized the amendment, showing the nature thereof. The case is not different from what it would be were findings of fact and a statement of the case before us, the statement showing the same admissions of fact which are contained in the answer. Under the pleadings, there was no issue of fact to be tried, under section 5630, in the District Court, and there is no such issue to be tried thereunder in this court. It is merely a case in which the defendants have by their answer deliberately asserted that there is no issue of fact which they desire to try. Of what avail, then, is it for them to insist that the case cannot be tried anew in this court? The District

Court will modify its judgment by striking therefrom that portion which orders a judgment to be entered against the plaintiffs for the taxes and interest, and as modified it will be affirmed.    All concur.