(119 N. W. 544.)

---

John Brandenburg and Susan J. Brandenburg v. Walter Phillips and Theodore J. Ross.

Opinion filed January 15, 1909.

**Appeal and Error — Record — Statement of the Case.**

1. In an equity case tried and appealed under the provisions of Rev. Codes 1905, section 7229, a statement of the case is not required to enable this court to review. questions appearing on the record proper.

**Vendor and Purchaser — Contract — Rate of Interest.**

2. The sole question which the appellate court is asked to review relates to the rate of interest which plaintiffs are entitled to recover. *Held*, that the findings of fact of the trial court disclose that plaintiffs had no cause of action at the time this action was commenced, and that, in any event, the rate allowed by the judgment below exceeds the amount called for by the contract between the parties; hence appellants have no cause for complaint.

Appeal from District Court, Cass county;*Pollock, J.*

Action by John Brandenburg and Susan J. Brandenburg against Walter Phillips and Theodore J. Ross. From a judgment in plaintiff's favor defendants appeal, asking for a modification of the judgment.

Affirmed.

*Smith Stimmel,* for appellants.

*S. B. Bartlett,* for respondents.

FISK, J.  By this appeal appellants seek to have the judgment of the district court modified as respects the amount of the recovery, it being their contention that they were entitled to recover interest on the principal sum found due, towit, $2,900 at the rate of 8 instead of 5½ percent. as allowed.  This is the sole question presented. The action is one for equitable relief, and was tried without a jury, and comes here for trial de novo in so far only as the issue above stated is concerned.  No statement of case is incorporated in the record, and we are confronted with the question of practice, whether without such statement of case we can review the part of the judgment complained of.  It is appellants' contention that a statement of the case is necessary only where there is some issue of fact to be retried in the appellate court, and that in this case there is no retrial of such issue required; plaintiffs merely seeking a modification of the judgment on account of an error appearing upon the judgment roll, citing the opinion of this court in McHenry v. Roper, 7 N. D. 584, 75 N. W. 903.  On the other hand, respondents' counsel argue that it is essential to the determination of the question presented that this court should have before it all the evidence in the case.  Among other things, they say: "A judicial determination of the rate and amount of interest to which plaintiffs are entitled necessarily involves the consideration by the court of the evidence and all the evidence.  The court cannot decide that the findings of the trial court are either right or wrong without having before it the evidence upon which those findings are based.  The appellants evidently assume that the findings of fact of the district court are right and the conclusions of law wrong.  If the evidence was before this court, it might conclude that the findings of fact were wrong and the conclusions of law right.  Without the evidence, or any part of it, appellants cannot ask the appellate tribunal to indulge in assumptions.  A consideration by the court of the appeal herein therefore requires an examination of the evidence and retrial of the issues of fact."

It is manifestly true that in the absence of a settled statement, this court is powerless to review any question of fact, nor can we

review any question of law not appearing on the record proper. The only record before us as shown by the printed abstract is the pleadings, consisting of the complaint and answer, the findings of fact, and conclusions of law of the trial court, and the judgment rendered pursuant thereto, and from which the appeal was taken. We agree with appellants' contention that a statement of case is not necessary to enable this court to decide the only controverted question between the parties, towit, the rate of interest to which plaintiff is entitled under the conceded facts as shown by the trial court's findings. The sole question, in other words, is whether the conclusions of law are warranted by the findings of the trial court. It is perfectly apparent that they are not, as there is absolutely nothing, either in the findings or in the contracts which are a part of the complaint and admitted in the answer, to justify the conclusion that defendants are liable for the payment of interest at the rate of 5½ per cent.; there being no reference anywhere to any stipulation or agreement for the payment of such rate. What rate, therefore, are they legally liable to pay under the facts as found? A correct answer to this question necessitates a consideration of the findings, which so far as material to the question here involved, are as follows:

"(1) That the plaintiffs and defendants made and entered into the contracts mentioned and set forth in the complaint in this action. [The contracts mentioned and set forth in the complaint are two in number. The first, which is designated Exhibit A, is a contract whereby plaintiffs agreed to sell to defendants, and the latter agreed to purchase from plaintiffs, certain real and personal property for the consideration of $3,000. Of this sum $1,500 was to be cash on delivery of deed, and the balance either in cash or a secured note due in one year at 8 per cent. interest per annum. Such contract is dated March 20, 1905, and possession of a portion of the premises was to be given to the vendees on or before May 1st, and the remainder upon completion of the inventory of the personal property. On July 17th following the parties entered into a contract known as Exhibit B, which recites the making of the previous contract and the payment of $100 as a part of the purchase price of such property, and also reciting that the title to said property was found to be incomplete and defective, and that first parties had commenced legal proceedings to perfect such title. Then follow these stipulations: It is agreed upon the part of said

first parties that, as soon as the title to said property can be perfected, to deliver to said second parties a good and sufficient warranty deed, together with an abstract of title showing the parties of the first part to have a good and marketable title to said premises, clear of all liens and incumbrances.  That the said second parties agree upon the delivery of said warranty deed and abstract of title to them  *  *  *  that they will pay to said first parties the sum of twenty-nine hundred dollars with interest thereon at the rate of four per cent. per annum from April 1, 1905.  *  *  * It is further mutually agreed that after the completion of the abstract hereinbefore mentioned the parties of the second part shall have two days in which to examine the same before being required to accept said deed and pay the purchase price hereinbefore mentioned.]

"(2) That on or about the 25th day of January, 1906, the plaintiffs tendered to the defendants a warranty deed of the premises described in the complaint in this action, together with abstracts of title thereto, and demanded of said defendants the payment of the balance of the purchase price of said premises in accordance with the terms and conditions of the contracts mentioned and set forth in the plaintiff's complaint; that said defendants refused to accept said deed and pay the balance of the purchase price of said premises upon the ground that the abstract so presented did not show that the plaintiffs had a good and marketable title to said premises for the following reasons: [Here follows seven alleged reasons why the abstract failed to show a marketable title.]"

Findings 3 and 4 are to the effect that the United States government parted with its title to the real property by the issuance of a patent to one David H. Ortley more than six years prior to the commencement of this action; that said Ortley died in 1864, leaving as his sole heir at law and next of kin Henry F. Ortley.

"(5) That the abstract presented to defendants by the plaintiffs on January 25, 1906, did not show that the plaintiffs' title to the premises described in the complaint was a good and marketable title; that the evidence and abstracts introduced on the trial of this action on the 21sth day of September, 1906, did show that the plaintiffs had a good and marketable title to said premises at the time they tendered said deed and abstracts to defendants on the said 25th day of January, 1906."

The conclusions of law, among other things, recited: "That the plaintiffs are entitled to have and recover from the defendants the sum of $2,900, with interest on the same at 4 per cent. from January 25, 1906, to April 1, 1906, and at 5½ per cent. from January 25, 1906, to the date of the entry of judgment herein, and that, on the payment of said sum, the plaintiffs deliver to the defendants a warranty deed of the premises, * * * conveying the same to the defendants clear and free of all liens and incumbrances, except a lien for taxes subsequent to the year 1905."

It thus appears that by the explicit terms of the contract defendants were not obliged to pay the $2,900 until such time as plaintiffs delivered to them a warranty deed, "together with an abstract of title, showing the parties of the first part to have a good and marketable title to said premises," and by the express language of the findings "the abstract presented to defendants by the plaintiffs on January 25, 1906, did not show that plaintiffs' title to the premises * * * was a good and marketable title;" and the fact that plaintiffs had such title on January 25, 1906, was not made to appear until September 21, 1906, during the trial of this case, when the evidence and abstracts introduced disclosed such fact. How, under these facts, can it be said that plaintiffs are entitled to recover interest from January 25, 1906, at a rate in excess of 4 per cent? The contract between the parties must control, and the findings upon their face therefore disclose that plaintiffs had no cause of action at the time these proceedings were commenced. Until such time as plaintiffs delivered or tendered to defendants a warranty deed, together with an abstract of title showing that plaintiffs had a good and marketable title to the premises as stipulated in the contract, defendants were under no legal duty to pay the balance of the purchase price, and hence until such time arrived the agreed rate of interest to be paid was 4 per cent.

The trial court having allowed a greater sum and which has been paid by defendants, plaintiffs have no cause to complain. The finding of the trial court fails to point out the defect in plaintiffs' title as disclosed by the abstract; and hence we have no method of determining whether such defect was one upon which defendants relied in refusing to make payment.

Judgment affirmed. All concur.