## CHRIS SAVOLD v. ABRAM BALDWIN.

(146 N. W. 544.)

**Justice court — complaint — summons — forcible entry and detainer — notice to vacate — necessity for.**

1. Complaint and summons in justice court reviewed and the action is *held* to be one in forcible entry and detainer, brought under subdivisions 2 or 3 of § 8406, Rev. Codes 1905, under either of which subdivisions notice to vacate the premises was unnecessary before commencement of the action, under § 8407, Rev. Codes 1905.

**Action — justice court — jurisdiction — judgment — district court — appeal — error — costs — abide final judgment.**

2. The action was started in justice court, where objection was made to the jurisdiction because of want of service and filing of notice to vacate, and overruled, with judgment thereafter entered for plaintiff, from which defendant appealed to the district court on both law and fact, demanding trial *de novo*. The district court, reviewing the objection made in justice court, sustained the same and dismissed the action. *Held* to have been error, and the case is remanded for trial upon the merits. Appellant's costs on this appeal are taxed in the sum of $10, collection of the same to abide the entry of final judgment.

Opinion filed March 14, 1914.

From the judgment entered on the order of dismissal of the District Court of Benson County, *Cowan*, J., plaintiff appeals.

Reversed and remanded for trial.

*J. E. Skulstad*, for appellant.

Defendant's special appearance ripened into a general appearance when he made and filed his answer to the complaint. Rev. Codes 1905, § 8358; Benoit v. Revoir, 8 N. D. 226, 77 N. W. 605; Jennings v. West, 40 Kan. 372, 19 Pac. 864; St. Louis & S. F. R. Co. v. Sullivan, 7 Kan. App. 527, 48 Pac. 945; Winter v. Union Packing Co. 51 Or. 97, 93 Pac. 930; 3 Cyc. 504.

The appeal being taken on the whole case, and upon all questions of law and fact, the question of jurisdiction in the district court becomes settled, since such appeal confers jurisdiction. Lyons v. Miller, 2 N. D. 1, 48 N. W. 514.

The complaint need not state the particular facts constituting the forcible detainer. 19 Cyc. 1156, 1157; Rev. Codes 1905, § 8408, subdiv. 3.

The notice served is good, as a notice to quit. Grant v. Marshall, 12 Neb. 488, 11 N. W. 743; Miller v. Hall, 14 Colo. App. 367, 60 Pac. 194; Lacrabere v. Wise, 7 Cal. Unrep. 107, 71 Pac. 175; 19 Cyc. 1144.

There is no dispute as to the boundaries of the premises, title, or possession. N. D. Const. § 112; Rev. Codes 1905, § 8345; 19 Cyc. 1143.

Case will be reinstated when fraud or imposition has been used in procuring dismissal. Rowland v. Kreyenhagen, 24 Cal. 52.

Judgment of decree procured by fraud will be set aside. Courts of general jurisdiction possess such inherent power. Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Rev. Codes 1905, §§ 8501, 8509.

The defendant having failed to have the papers and files transmitted to the district court, or to obtain an order therefor, the appeal should have been dismissed. Rev. Codes 1905, § 8501; Cord v. Barry, 102 Iowa, 309, 71 N. W. 228; Foley v. Tipton Hotel Asso. 102 Iowa, 272, 71 N. W. 236; Kipp v. Angell, 10 N. D. 199, 86 N. W. 706; Giles v. Fluegel, 10 N. D. 211, 86 N. W. 712; 3 Cyc. 114, 135, 155, 1025.

*Stuart & Comstock,* for respondent (*Newton, Dullam, & Young,* of counsel).

Everything presented in appellant's abstract should be eliminated from consideration by the court. There is a vast amount of immaterial matter. Morse v. Stanley County, 26 S. D. 313, 128 N. W. 153; Rogers v. Penobscot Min. Co. 26 S. D. 52, 127 N. W. 471; Olson v. Lund, — Iowa, —, 101 N. W. 1128; Leathers v. Oberlander, 139 Iowa, 179, 117 N. W. 30; State v. McCallum, 23 S. D. 528, 122 N. W. 586.

The complaint seeks to allege a cause of action in forcible entry and detainer. No allegation of possession or right of possession in plaintiff. Gonzales v. Boren, 3 N. M. 285, 5 Pac. 336; Sanchez v. Loureyro, 46 Cal. 641; Townsend v. Van Aspen, 38 Ala. 572; McGuire v. Cook, 13 Ark. 448; McGrew v. Lamb, 31 Wash. 485, 72 Pac. 100.

The action is not for trespass. Snedecor v. Pope, 143 Ala. 275, 39 So. 318; Andrews v. Thayer, 40 Conn. 156; Warren v. Powell, 122 Ga. 4, 49 S. E. 730.

Goss, J. This is an action in forcible entry and detainer begun in justice court, wherein judgment was rendered in plaintiff's favor and from which an appeal on both law and fact was taken to the district court, where on motion of the defendant, appellant, the action was dismissed on an objection to the jurisdiction made, and overruled in the justice court. The objection raised anew and sustained in the district court as determinative of the issue was "that no notice to quit had ever been served on the defendant and filed with the justice of the peace and returned the same as a summons in a civil action, before the commencement of this action for forcible entry and detainer in justice court." The district court held the motion good, and dismissed the action, with costs. The complaint in justice court, among other things, recites: "That the defendant has no right to the use or occupancy of said lot 10 or any part thereof, but is occupying part thereof as a trespasser, wilfully, unlawfully, and forcibly, to the exclusion of the owner thereof," the plaintiff. The circumstances of the possession are recited, it appearing that the defendant has erected a house extending $7\frac{1}{2}$ feet upon plaintiff's property, and has refused on demand

to remove the same, and is holding possession "unlawfully and forcibly, to the exclusion of the owner thereof." The prayer for relief asks for "the immediate ejectment of defendant off from said lot," and for damages for retention, use, and occupancy at $5 per month from and after August 1, 1909 (when defendant unlawfully assumed possession) until defendant shall have vacated possession. In the justice court summons we find similar language, charging that the lot was "retained by you unlawfully and forcibly, and to the exclusion of the owner thereof." The complaint was drawn under either one or the other of subdivisions 2 or 3 of § 8406, Rev. Codes 1905, charging that defendant had acquired possession of the real property, and forcibly detains possession thereof as against the plaintiff. Hence no question arises on the sufficiency of the alleged notice to vacate, service of such a notice not being necessary under § 8407, where the action is based upon either or both of subdivisions 2 or 3 of § 8406. Such being the situation, the action of the trial court in dismissing the action as one requiring notice to quit, as a condition precedent to the maintaining of the action, was error, which error is apparent on the judgment roll, from an inspection of the pleadings and the order of dismissal reciting the grounds upon which it is based. Mention is made of this, as it is contended that no error can be urged by appellant as no statement of the case has been settled. The error appears from and is based upon the judgment roll, and no statement of the case is necessary to enable appellant to raise it. The district court is directed to vacate its order and judgment of dismissal; and the appeal having been taken on both law and fact, the district court will retain the cause and allow trial thereof upon the merits. Plaintiff and appellant will, on entry of final judgment, be allowed his costs and disbursements of his appeal to this court, hereby taxed at the sum of $10, collection of the same, however, to abide the final judgment. Argument on the merits was not allowed on appeal, the judgment originally appealed from amounting to less than $50 inclusive of costs.

FISK, J., did not participate.