[File No. 7146]

FRED SKACHENKO, Appellant, v. ROBERT SWEETMAN, as Administrator over the Estate of Zachary Skachenko, Deceased, Paraska Skachenko, Philip Skachenko, Anna Krivoza Kostenko, Mary E. Tarnowsky, Peter Skachenko, Gust Velenchenko, and Jack Kulish, Respondents.

(43 NW2d 683)

Opinion filed July 23, 1950.   Rehearing denied Aug. 26, 1950.

*Floyd B. Sperry* and *Raymond R. Rund,* for appellant.

504

*T. F. Murtha* and *J. W. Sturgeon,* for respondents.

NUESSLE, Ch. J. Zachary Skachenko, a resident of Dunn County, died on November 22, 1922. He left surviving him a widow, Paraska, and five children, Anna, Philip, Fred, Peter, and Mary. He was a farmer and his estate consisted of personal property, including such livestock and implements as are usually owned and had upon a farm, and a half section of land described as the W½ of NW¼, SE¼ of NW¼, SW¼ of NE¼ and the W½ of SW¼, NE¼ of SW¼, NW¼ of SE¼ of Section 28, Township 144, Range 97. He died intestate and no administrator was appointed until 1925 when letters were issued to Philip Skachenko. Philip was later removed, and in 1933, C. R. Meredith was appointed and qualified as administrator. On September 30, 1935, Meredith was discharged. Thereafter, in July, 1940, Paraska, Anna, Mary, and Philip petitioned for the appointment of Robert Sweetman. They recited in this petition that Fred Skachenko had been in possession of the real property belonging to the estate since 1935, and

"That it is necessary that an administrator of said estate be appointed for the purpose of taking possession of said real property and requiring an accounting from the respondent, Fred Skachenko.

"That all of the real property belonging to the estate was about to be lost to the estate for taxes, and in order to protect said estate the petitioner, Mary Skachenko Tarnowsky, acquired title to (one quarter section thereof) from Peter Skachenko who held tax title thereto and paid therefor on February 16, 1940, the sum of $280.00 in delinquent taxes. That Peter Skachenko in acquiring tax title expended a sum for same which should be repaid with interest. That on March 7, 1940,

your petitioner, Mary Skachenko Tarnowsky, acquired a tax title to (the other quarter section) and paid therefor the sum of $220.58. That she is now the owner of such titles to all of the land belonging to said estate and is holding the same in trust for the estate, and is willing and ready to release the same upon payment to her of money advanced by her and interest and payment to Peter Skachenko of money advanced by him with interest, and to do all that shall be equitable and just in the premises.

"That in order to arrange for such repayment it is necessary that an administrator shall be appointed."

Thereafter, pursuant to the prayer of the petitioners, the defendant, Robert Sweetman, was appointed administrator. He qualified and took over the administration of the estate. As administrator he received the sum of $74.21, the amount remaining due the estate after the payment of all charges and expenses incurred and paid by his predecessor, Meredith.

On October 14, 1940, Mary filed with the court a claim for $1200.62, reciting:

"That she acquired title to said premises and paid the monies to the County of Dunn thereon. That the (one quarter section) were acquired from Peter Skachenko who held tax title thereto and the balance of the land was acquired by affiant direct from Dunn County, North Dakota. That the claimant recognizes the right of the other heirs interested in the estate of Zachari(y) Skachenko to a share in said estate, and that her deeds are subject to redemption by the estate. That she claims a lien under said deeds upon the premises therein described for all of the money which she has expended in order to protect the land belonging to the estate from loss. That her claim is as follows:

(Statement of items aggregating $1200.62)

for which amount the undersigned makes claim against the estate of Zachari(y) Skachenko."

This claim was approved by Sweetman, the administrator, in full.

In November, 1940, Sweetman petitioned for order of license to sell the real estate, setting forth among other things that it

was necessary to do so in order to pay debts outstanding against the deceased, the expenses of administration, and other claims. Hearing was held on the petition and on November 28, the court issued its order of license to sell the real estate. The sale was held and the property was sold to Mary on February 15, 1941. A return of the sale proceedings was made and the sale was confirmed by the court on that date. Thereafter the administrator made his final accounting, and after hearing, the same was approved. Final discharge of the administrator was filed on November 21, 1941. In 1943, Mary sold the property to Jack Kulish by warranty deed bearing date of August 23, 1943, for a recited consideration of $3200.00. On November 29, 1946, Kulish conveyed one quarter, the W½ of SW¼, NE¼ of SW¼, and the NW¼ of the SE¼ of Section 28, Township 144, Range 97 to Gust Velenchenko for a recited consideration of $1600.00.

On May 13, 1948, Fred Skachenko filed his petition to vacate and set aside the order of license to sell the real estate, the order confirming the sale, and the administrator's deed thereon, the order approving the final report and account of the administrator, and the order closing the estate and discharging the administrator, and to have the said estate reopened for further proceedings. He joined as parties respondent all of the other heirs of Zachari(y) Skachenko heretofore named, and Jack Kulish and Gust Velenchenko.

Hearing was had on this petition. The county court denied the same. Whereupon the petitioner perfected an appeal to the district court. Trial was had anew. The court found in favor of the respondents and ordered judgment affirming the order of the county court. Judgment was entered thereon. Petitioner then perfected the instant appeal from that judgment.

Section 30–0308 NDRC 1943 provides:.

"A rehearing in county court may be granted for one or more of the following causes:

1. Mistake, inadvertence, surprise, or excusable neglect of the party making the application;

2. Any irregularity in the service of process, or any fraud

or misconduct of the prevailing party or his attorney or agent, or any abuse of discretion on the part of the court, which prevented the applicant from appearing or maintaining a material issue on his part at the former hearing;

3. Newly discovered evidence material to the issue which could not with reasonable diligence have been produced at the former hearing by the party making the application;

4. The nonexistence of any fact necessary to jurisdiction."
Section 30–0309 provides:

"An application for a rehearing may be made to the county court by petition or motion according to the manner in which the original application was made, and the parties interested must be cited accordingly. Every application upon any ground specified in subsection 1 of section 30–0308 must be made within thirty days after the date of the order or decree, and every application made upon any ground specified in subsections 2 and 3 of such section must be made within one year after the date of the decree or order to which it relates."

The final decree which the petitioner seeks to have vacated and set aside was entered on November 21, 1941. Accordingly, it is apparent that the only matter that the petitioner may have considered on this appeal is as to whether any fact in the proceedings of the county court necessary to its jurisdiction is nonexistent. See Fischer v. Dolwig, 29 ND 561, 151 NW 431; Reichert v. Reichert, 41 ND 253, 170 NW 621.

The petitioner does not challenge the appointment and qualification of Sweetman as administrator. His chief challenge is as to the validity of the sale of the real estate belonging to the estate and the validity of the administrator's deed executed to the respondent, Mary Skachenko Tarnowsky.

A proceeding for the sale of real property of an intestate in the course of administration is an independent proceeding in rem. Shane v. Peoples, 25 ND 188, 141 NW 737; 34 CJS 504; 21 Am Jur 566. It is instituted by petition addressed to and filed with the court. See Section 8544a21 1925 Supplement to Compiled Laws 1913. If the petition conforms to the statutory requirements the court thereby acquires jurisdiction. The pro-

ceeding is wholly a creature of the statute and the provisions of the statute must be substantially complied with. In re Anderson's Estate, 76 ND 163, 34 NW(2d) 413. Jurisdiction so far as the parties are concerned is acquired by service of notice in the manner prescribed by the statute.

In the instant case no question is raised as to the sufficiency of the petition. Pursuant to its prayer the court ordered a hearing thereon and in due time the hearing was had. Thereupon the court issued its order granting the prayer of the petition and ordering the sale, reciting among other things:

"Satisfactory proof to the court of due service of citation hearing said petition, and as required by law, being filed herein and it duly appearing that such service was completed at least ten days before the day set for hearing said petition . . . and it duly appearing that all proceedings upon this application have been in all respects strictly conducted in accordance with law . . . ."

The appellant challenges the sufficiency of the notice of the hearing in that no service thereof was had upon Philip. The heirs were six in number—the widow and five children. Paraska, the widow, and her daughter, Anna, had filed sufficient waivers of notice of all further proceedings, so no further notice to them was necessary. Fred and Peter were served personally. Mr. C. H. Starke, an attorney at law, appeared for Philip in procuring the appointment of the administrator and signed the petition therefor as his attorney. The statute, Section 8544a6 1925 Supplement to Compiled Laws 1913 provided that service of a citation might be made upon an attorney of record. Mary, in her claim for a lien on the premises filed with the court as above set forth, had asked that a sale be had. She subsequently submitted a bid for the land and became the purchaser. The recitals of the court in the order of license to sell are presumptively true, and there is no proof in the record that service was not made on Philip, if such were required. Accordingly there is no ground for this challenge by the appellant.

The validity of the sale is further challenged for the alleged reason that no additional bond was required by the court or

given by the administrator pursuant to the provisions of the statute, 8686 CL 1913. It is true that the order of license to sell did not require an additional bond to be given. Nor did it recite that it be dispensed with. But the administrator had given a surety bond in the sum of $1000.00, as required by Section 8685 CL 1913. The record discloses that there was practically no personal property remaining in the estate. The real estate had been appraised at $1600.00. The appraisal was not challenged. The real estate was subject to the claim of a lien for the taxes paid by Mary in the sum of $1200.00. This claim had been approved by the administrator. Section 8686 CL 1913 also provided that the additional bond might be dispensed with by the court where the administrator's bond was in itself sufficient. Thus the matter was left to the discretion of the court. In the instant case the court evidently exercised that discretion, and considering the original bond sufficient—in this connection see also Section 8685a of the 1925 Supplement—made no requirement in its order that an additional bond be given. Under the circumstances there was no abuse of discretion on the part of the court and its action was not so irregular as to defeat its jurisdiction. See in this connection Pohlenz v. Panko, 106 Neb 156, 182 NW 972.

The validity of the sale is also challenged on the grounds that it was not made to the highest bidder, and that the sum bid and accepted was disproportionate to the value of the property. The record discloses that both Fred and Mary bid for the land. No other bids were received. Mary's bid was for $1550.00, and with it she deposited $100.00 to be forfeited in case she failed to pay pursuant to her bid. Fred's bid was for $1600.00. He made no deposit with it, stating that he had an approved claim for $100.00 against the estate which could be used as a deposit. The record, however, fails to disclose such claim. The administrator accepted Mary's bid and sold the property to her. He made his return reporting the sale to the court. The bids were filed with the court and the court was fully apprized as to what had been done. It approved the sale and entered an order confirming it, reciting therein that Mary's

bid was the highest and best, that the sale was legally made and fairly conducted, and the sum bid was not disproportionate to the value of the property sold. We are of the opinion that the court was vested with a reasonable discretion under the circumstances and that no abuse of such discretion is shown here.

It is contended that the sales price was disproportionate to the value of the property. Apparently this contention is based on the fact that Mary, a little more than two years after the sale to her, sold the property for a recited consideration of $3200.00. But the appraisal made and returned on August 16, 1940, fixed its value at $1600.00. And it is common knowledge that at that time real property values were greatly depreciated and during the next several years thereafter rapidly increased. Fred himself was willing to bid at most only $1600.00. In fact, his first bid was for only $1510.00 and he made his second bid for $1600.00 only after he had found that Mary had bid $1550.00. He was present when the bids were opened. He knew the amount of Mary's bid and he learned very shortly thereafter that his bid had been rejected and Mary's accepted. But he made no objection on account thereof and took no steps in the matter until in May, 1948, when he instituted the instant proceeding to vacate and set aside the sale. No one other than Fred has taken exception to any part of the sale proceeding. He waited nearly seven years before doing so. In the meantime, the administrator's deed had been executed to Mary on February 28, 1941. And in 1943, Mary sold the land to an innocent purchaser. We are of the opinion that under the circumstances shown, the county court properly denied the challenges thus directed to the sale.

The appellant also challenges the sale for the reason, as he says, that Mary had acquired tax deeds to the property and claimed a lien on it for the amount paid therefor and for other taxes; that thus the title was encumbered and no strangers would be likely to consider a purchase and make bids. We are of the opinion that here also his challenge is without merit. It was necessary that the taxes be paid to save the property. Mary, presenting her claim, made it clear that she held the same in

trust for the benefit of the estate and asked only that she be reimbursed for the payments made by her. It does not appear that any inquiries concerning the property were made either of the administrator or of the court. And there is nothing to indicate that anyone was deterred from bidding because of Mary's claim.

It is further contended that while the sale purported to be for cash, cash was not then paid. It is true that it was not paid at the time of the sale and that the record does not show in so many words that it was ever afterward paid. But Mary's claim for $1200.00 was approved by the administrator and as heretofore set forth she claimed a lien on the premises for the amount thereof. Pursuant to the statute, Section 8787 CL 1913, if her claim of lien was good, she could set the amount thereof off as against the purchase price in case the sale were made to her. And the record does show that the administrator received $350.00 in cash "from sale of land." While it does not appear on the record that this was paid by Mary, the inference is clear that it was paid by her as the difference between the amount bid by her and the amount of her approved claim. And there is nothing in the record to gainsay that this was the case.

Considering all the facts and circumstances, we are of the opinion and so hold that the county court having acquired jurisdiction in the sale proceeding, there were no such irregularities in the subsequent proceeding as to divest the court of jurisdiction to approve and confirm the action of the administrator in making the sale. Accordingly the prayer of the petitioner and appellant to have the sale vacated and set aside was properly denied by the county court.

Finally, the appellant contends that there was no proper final accounting by the administrator in that no notice was given to the appellant of the hearing for that purpose. The record, however, shows that notice of the hearing was mailed to Fred, as required by the statute, at Grassy Butte, North Dakota. Fred, however, insists that his post office address was not Grassy Butte, but was and had been Fayette, North Dakota, and that he never received the notice thus mailed to him. Both Grassy

Butte and Fayette are inland post offices not widely separated, and neither is far distant from the premises which were sold or the place of residence of the appellant. The county court found and so set forth in his order and in the memorandum filed when he denied Fred's petition to vacate and set aside the proceedings had, that service was made upon Fred as well as upon all the other heirs by mailing the citation by registered mail to each of them, and that therefore there was no ground for the challenge to the order approving the final account of the administrator and discharging him from his office. The record discloses that at the time of the final hearing all of the heirs except Fred and Peter were present in person. Peter was represented by his attorney, Starke, who had theretofore filed notice of his authority to represent Peter in the probate proceedings. The hearing was had. The final account was, after hearing, approved. The little property remaining in the estate was assigned to Paraska, who accepted and receipted for the same, and the administrator was discharged. No one other than the appellant has made any complaint and he only after a lapse of more than six years. Considering all the circumstances, we are of the opinion that the finding of the district court, consistent with the finding and order of the county court, that service of the citation by registered mail was had as heretofore set out, should not be disturbed. In this connection it must be borne in mind that Fred appeared and testified in person at the trial had in the district court and thus the court had the advantage of hearing his testimony and observing his demeanor and conduct.

The judgment of the district court is affirmed.

MORRIS, BURKE and CHRISTIANSON, JJ., and PORTER, Dist. J., concur.

GRIMSON, J., did not participate.