[File No. 7141]

JACK KULISH, Respondent, v. FRED SKACHENKO, Appellant.

(44 NW2d 96)

Opinion filed August 26, 1950

*Floyd B. Sperry* and *Raymond R. Rund,* for appellant.
*Murtha & Murtha,* for defendant.

Per Curiam. This case was argued and submitted together with Skachenko v. Sweetman et al.; post 502, 43 NW2d 683, and the controlling facts in this case are precisely the same as those set forth in the decision in that case.

This action was brought to determine adverse claims to a 320-acre tract of land in Dunn County in this state. As is shown in the decision in Skachenko v. Sweetman et al., supra, the said Mary Skachenko Tarnowsky on February 15, 1941, purchased the said tract of land at a sale conducted by the administrator of the estate of Zachari Skachenko. The sale was duly confirmed by the county court and Robert Sweetman, the administrator of this estate of Zachari Skachenko, did thereafter duly execute and deliver to the said Mary Skachenko Tarnowsky an administrator's deed for said premises dated February 28, 1941. The said Mary Skachenko Tarnowsky, grantee in said administrator's deed in October 1943 sold and conveyed said tract of land which she had purchased at such administrator's sale to the plaintiff Jack Kulish by warranty deed dated October 23, 1943. Thereafter in March 1947 the plaintiff Kulish brought this action against Fred Skachenko to determine adverse claims to the tract of land in question. In the complaint it is alleged that Kulish is the owner in fee simple of the real property which he purchased from Mary Skachenko Tarnowsky; that the defendant Skachenko claims certain estates, interests in, liens or encumbrances on the land adverse to the plaintiff and that plaintiff is in possession of the land, and that the defendant threatens to dispossess him by force and to plant, harvest and remove a crop on the land.

The defendant Skachenko interposed an answer wherein he denies that plaintiff is the owner of the land and alleges that

he is the owner of a certain estate and interest in the land as an heir of Zachary Skachenko, the former owner, and by virtue of a deed from the surviving widow of the said Zachary Skachenko. He further alleges that the sale by the administrator of the estate of Zachary Skachenko to Mary Skachenko Tarnowsky was void for certain alleged defects stated in the answer, that as a consequence she did not become the owner of the land for which she received the administrator's deed. The case was tried to the court without a jury and the court made findings of fact and conclusions of law in favor of the plaintiff Kulish, that the said Kulish is the owner in fee simple of the land and that the defendant has no right, title, interest in, or lien or encumbrance on the same whatsoever and ordered judgment to be entered accordingly. Judgment was duly entered on November 1, 1947. In a memorandum decision announcing his determination the trial court held that the objections that had been made by the defendant to the regularity and validity of the proceedings to the sale of the land by the administrator and the validity of the administrator's deed executed and delivered to Mary Skachenko Tarnowsky were not well taken, and also that they, in effect, constituted a collateral attack upon the orders and determinations of the county court; that the county court had jurisdiction of the parties and the proceeding and that the orders and determinations were valid, and could in no event be attacked unless they were attacked directly. The defendant appealed from the judgment of the district court and demanded a trial anew in this court. Thereafter the defendant Fred Skachenko decided to make a direct attack upon the proceedings had in the county court and upon the administrator's deed and on May 13, 1948, Fred Skachenko filed his petition in the county court to vacate and set aside the order of license to sell the real estate, the order confirming the sale and the administrator's deed executed and delivered to Mary Skachenko Tarnowsky, the order approving the final report and account of the administrator, and the order closing the estate and discharging the administrator, and to have the said estate reopened for further proceedings, all as set forth in the opinion in Skachenko v. Sweetman et al., post. The

502

plaintiff Kulish was joined as one of the parties in the proceeding in the county court. The county court after full hearing and due consideration denied the application of the defendant in every particular. Whereupon the defendant Fred Skachenko perfected an appeal to the district court from the determination of the county court. In his application filed in the county court as heretofore stated Fred Skachenko set forth all the alleged irregularities and defects that he had set forth in his answer in this action. The entire controversy was tried anew in the district court and the district court made findings of fact and conclusions of law affirming the determination of the county court in all particulars. The defendant Fred Skachenko thereupon appealed to this court from the determination of the district court and that appeal was determined by the decision of this court in Skachenko v. Sweetman et al., post, wherein this court affirmed the judgment of the district court. Hence, all questions involved and on which decision is sought in this case are precisely the same as those which were determined against the contentions of the defendant and appellant in Skachenko v. Sweetman et al., post, and the decision in that case is decisive of all questions involved on this appeal.

The judgment of the district court is affirmed.

NUESSLE, Chief Justice, CHRISTIANSON, BURKE and MORRIS, JJ., and PORTER, Dist. J., concur.