BRAND et al.   v.   BRAND et al.

No. 7416.

Supreme Court of North Dakota.

Aug. 4, 1954.

Paul Campbell, Minot, for plaintiffs and appellants.

Halvor L. Halvorson, Jr., Minot, for defendants and respondents.

SATHRE, Judge.

This is an action brought by the plaintiffs John J. Brand, Ervin O. Hellickson, also known as Erwin O. Hellickson, C. R. Verry and Hattie L. Verry to quiet title to the following described land.

Northeast quarter (NE¼) of the Southeast quarter (SE¼) of Section thirty (30) and West half (W½) of Southwest quarter (SW¼) and Southeast quarter (SE¼) of Southwest (SW¼) of Section twenty-nine (29); all in Township One Hundred Fifty-four (154) N. Range eighty-one (81) W.

The complaint is in the statutory form to determine adverse claims and alleges that the plaintiffs are entitled to a decree quieting title in them to the land described. The defendants answered alleging in substance that they, William P. Brand, Roy R. A. Brand and Frank Brand, and the plaintiff John J. Brand, are brothers and sole heirs at law of Joseph J. Brand, deceased; that on or about January 1943 the plaintiff John J. Brand bought from the estate of said Joseph J. Brand the land described in the complaint, in which sale the estate retained all of the oil and mineral rights and that such oil and mineral rights were not sold to the plaintiff John J. Brand; that such sale was duly reported to the court and an order was duly made confirm-

ing said sale and that the plaintiff received and accepted a deed to said land retaining in the estate all of the oil and mineral rights in said land, and that the order confirming said sale was duly recorded in the office of the register of deeds of said Ward county; that such sale was made and the price paid for said land was based upon the fact that the oil and mineral rights were reserved to the estate. The answer further alleged that each of the defendants is entitled to an undivided one fourth interest in said oil and mineral rights. Judgment is then demanded quieting title in each of the defendants to an undivided one fourth interest in said oil and mineral rights.

The case was tried before the Hon. A. J. Gronna, Judge of the District Court of Ward County, North Dakota.

Judgment was entered in favor of the defendants and the plaintiffs appealed from the judgment.

The record contains no settled statement of the case, no transcript of evidence taken at the trial and no stipulation of facts. The appeal must therefore be deemed to have been taken upon the judgment roll. It is well settled that there can be no review of the findings without a settled statement of the case and that the facts found by the trial court must be accepted as true. The question for determination by this court is therefore whether the conclusions of law made by the trial court are warranted by the facts as found. Brandenburg v. Phillips, 18 N.D. 200, 119 N.W. 542; Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99.

It is the contention of the plaintiffs that the findings of the trial court do not support the conclusions of law, order for judgment and judgment. The findings of fact are substantially as follows:

That the plaintiff John J. Brand and the defendants William P. Brand, Roy R. A. Brand and Frank Brand are brothers and the sole heirs at law of Joseph J. Brand, deceased, and that their interests and estates in and to the land described in the complaint are derived through a common

source; the title, rights and interests of Joseph J. Brand, deceased, and that the defendants Roy R. A. Brand and William P. Brand were appointed administrators of his estate; that on September 10th, 1942 the plaintiff John J. Brand executed his appearance and waiver of service of citation and notice in the matter of the estate of Joseph J. Brand, deceased. In this waiver he stated that he was one of the respondents in the estate of said deceased; that he thereby entered his appearance in the proceedings therein and waived service of all citations and notices which would otherwise be required to be served on him in the course of the administration of the estate of said deceased, especially waiving the service of any citation or any notice of hearing on petition for the appointment of administrator, consenting that the estate be administered and final decree of distribution entered therein without the service of any further notice or citation and especially waiving service of any citation or notice for the hearing of any petition for the sale or mortgaging of the real property of the said estate which might be presented to the court in the course of the administration thereof.

That on the 20th day of October 1942 the administrators of the estate of Joseph J. Brand, deceased, William P. Brand and Roy R. A. Brand presented their petition to the county court for an order of sale of the real property belonging to the estate of said Joseph J. Brand, deceased. Thereafter and on October 28, 1942 the county court of Ward County made and entered its order of license to sell said described real estate belonging to the estate of said Joseph J. Brand, deceased. The order of sale provided that the administrators should file an additional bond in the sum of $1,000 and authorized the said administrators to sell said real property either in one parcel or in subdivisions, as to the said administrators should seem most beneficial to said estate, at private sale to the highest bidder for cash. The notice of sale was published as provided by law. The petition for license to sell, the order of sale and the published notice of sale contained no provision for reserving to the estate the oil and mineral rights. Thereafter and on the 21st day of December 1942 the plaintiff John J. Brand made his offer in writing to buy the real property advertised for sale by the administrators, his bid being in writing and is as follows:

"I hereby bid the sum of $1000.00 and satisfaction of my $600.00 claim filed against said estate as purchase price of the NE¼SE¼ of Sec. 30; W½SW¼, SE¼ of Sec. 29, Twp. 154, North Rge. 81 West together with all lumber and building material stored upon said premises. This bid is made for clear title to said property.

Dated at Minot, North Dakota, December 21, 1942."

Thereafter and on the 9th day of January 1943 the administrators of the estate of said Joseph J. Brand, deceased, made their report of sale and their return of their proceedings under the order of the county court theretofore made for the sale of the land belonging to the estate of said deceased. The report of sale was in the usual form and stated that the land was sold to John J. Brand for the sum of $1,000, he being the highest and best bidder and the said sum of $1,000 being the highest and best bid. The report of sale stated that the grantors reserved all oil and mineral rights in said lands. On the same day January 9th the county court made its order confirming the sale as reported by the administrators, including the reservation of all oil and mineral rights in said lands. The order further provided and directed that a proper and legal conveyance of said real estate be executed to the purchaser by the said administrators.

On the 11th day of January 1943 the administrators of the estate of Joseph J. Brand, deceased, William P. Brand and Roy R. A. Brand executed an administrators' deed to the purchaser John J. Brand in which deed they reserved all oil and mineral rights in said land, which deed was thereupon delivered to said purchaser John J. Brand and on the 21st day of January 1943, he filed it for record in the office of the register of deeds of Ward County.

On the 9th day of April 1943 the administrators of the estate of said Joseph J. Brand, deceased, filed their final report and account of their administration of the estate of said deceased in which they listed as residue of said estate certain promissory notes and cash. However no mention was made in the final report and account of any reservation of the mineral rights in the land sold to the plaintiff John J. Brand.

On the 8th day of April 1943 the plaintiff John J. Brand and the defendants William P. Brand, Roy R. A. Brand and Frank Brand filed in the county court their agreement in writing, as sole heirs of Joseph J. Brand, deceased, in which they agreed that the final report of the administrators of the estate of said deceased filed therein be allowed, and that the cash on hand and the equity in the promissory notes inventoried in said estate be distributed as provided by the recommendation of the administrators in their said final report and that the said estate then be closed; that thereupon the county court made and entered its final decree of distribution. The reservation of the mineral rights as shown in the report of sale, the order of the county court confirming the sale and in the administrators deed was not shown in the final decree of distribution. The decree listed only the promissory notes and cash as reported in the final report.

On the 16th day of July 1948 the plaintiff John J. Brand sold the land to Ervin O. Hellickson under a contract for deed. Thereafter he assigned the contract for deed to C. R. Verry and Hattie L. Verry and executed to them a deed of conveyance.

On July 16, 1952 the defendants Roy R. A. Brand and William P. Brand without notice to John J. Brand or to the other heirs presented a petition to the county court praying for leave to reopen the estate of the said deceased for the purpose of amending the final decree theretofore entered and to make a distribution to the heirs of the mineral rights retained by said estate at the sale of the land to the plaintiff John J. Brand. On the same date July 16, 1952 the county court of Ward County made its

order reappointing the said petitioners as administrators of said estate, issued letters of administration to them and authorized them to make a proper report and account including in the residue of the estate the oil and mineral rights reserved to the estate, and on the 17th day of July an amended final decree of distribution was made and entered, distributing an undivided one fourth of the oil and mineral rights to each of the said William P. Brand, John J. Brand, Frank Brand and Roy R. A. Brand forever.

On the 21st day of July 1952 John J. Brand, Ervin O. Hellickson, C. R. Verry and Hattie L. Verry brought this action against William P. Brand, Roy R. A. Brand and Frank Brand defendants.

Upon the foregoing findings of fact the court made its conclusions of law and order for judgment that the defendants William P. Brand, Roy R. A. Brand and Frank Brand were entitled to judgment quieting title in each of them to an undivided one-fourth interest in and to the oil and mineral rights in the land described in plaintiffs' complaint, and further, that the plaintiff John J. Brand had an interest in said real property consisting of the surface thereof and a one fourth undivided share of the oil and mineral rights therein subject to the right, title, interest and estate of the plaintiffs Ervin O. Hellickson, C. R. Verry and Hattie L. Verry. Judgment was entered accordingly.

It is contended by the plaintiffs that under the proceedings had in the county court for the sale of the property belonging to the estate of said deceased the plaintiff John J. Brand was entitled to the oil and mineral rights. This claim is based upon the fact that in making his offer of purchase of the said described land he specified that it was made on condition that he receive clear title thereto and that the petition for leave to sell, the published notice of sale and the order of the court authorizing the sale contained no provisions for reservation of the oil and mineral rights. Plaintiffs contend therefore that upon the facts stated it was the duty of

the administrators to transfer to John J. Brand all right, title and interest in the land including the oil and mineral rights. They contend further that the county court was without jurisdiction to confirm the sale with the reservation of the mineral rights.

The first question to consider is as to what interests in the land involved were actually transferred to John J. Brand in the proceedings for the sale thereof. Three of the brothers had testified that it was the understanding that the oil and mineral rights were to be reserved to the estate. The report of sale, the order confirming the sale, and administrators deed reserved the oil and mineral rights.

As purchaser, John J. Brand paid the purchase price, accepted the deed and filed it for record in the office of the register of deeds. He took possession thereunder and continued in possession for five years and until he sold the land to Ervin O. Hellickson. He did not at any time during the conduct of the proceedings for sale of the land, or otherwise, object to the reservation of the oil and mineral rights. He consented to the sale proceedings and had knowledge of all of the material facts and circumstances in connection therewith.

In 34 C.J.S., Executors and Administrators, § 611, pp. 588 and 589, it is stated:

"Confirmation of an administrator's or executor's sale, provided it is not void, renders it an enforceable contract and divests the title of the heirs. After the court obtains jurisdiction, all nonjurisdictional irregularities and defects between the acquisition of jurisdiction and the order of confirmation are cured".

██ And in Skachenko v. Sweetman, 77 N.D. 502, 43 N.W.2d 683, 686:

"A proceeding for the sale of real property of an intestate in the course of administration is an independent proceeding in rem. Shane v. Peoples, 25 N.D. 188, 141 N.W. 737; 34 C.J.S., Executors and Administrators, § 556, p. 504; 21 Am.Jur. 566. It is instituted by petition addressed to and filed with the court. See Section 8544a21, 1925 Supplement (Sec. 30–1905 NDRC 1943). If the petition conforms to the statutory requirements the court thereby acquires jurisdiction."

██ We are satisfied that the county court had jurisdiction of the parties and the subject matter. The failure of the administrators to disclose the reservation of the minerals until they made the report of sale, was at the most an irregularity and did not go to the jurisdiction of the court. The report was confirmed including the reservation; the reservation was made in the administrators deed and as the record shows it was accepted without objection by the grantee, John J. Brand. He had entered his appearance in writing as provided by Section 30–1907 NDRC 1943, specifically consenting to the proceedings for the sale of the real property of the estate without service upon him of any notice or citation.

██ The plaintiffs Ervin O. Hellickson, C. R. Verry and Hattie L. Verry claim to be innocent purchasers for value without notice, and that therefore they are entitled to the relief demanded in the complaint. However, upon the record they cannot be held to be innocent purchasers. The administrators deed to their grantor John J. Brand reserving the oil and mineral rights was of record in the office of the register of deeds. They had constructive notice of the title of their grantor as it appeared of record. Their claim is therefore without merit.

We have carefully examined the entire record and we are satisfied that the findings of fact are sufficient to support the judgment.

The judgment is affirmed.

MORRIS, C. J., and BURKE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.