Mrs. Inga NYSTUL, Emil A. Wold, John P. Wold, Mary Wold, Mrs. Lorentz Hegland, Mrs. Arthur Orvedahl, Mrs. Alfred Bekkerus, as heirs of Ingeborg Wold, a/k/a Ingborg Wold, deceased, Plaintiffs and Appellants,

v.

Hannah L. WALLER, Willie Waller, L. S. Youngblood, Shell Oil Company, a corporation, R. B. Shamburger, and Mountrail County, a municipal corporation, and all other persons unknown, having or claiming any estate or interest in or lien or encumbrance upon the property described in the complaint, Defendants and Respondents.

No. 7669.

Supreme Court of North Dakota.

Aug. 9, 1957.

Lanier, Lanier & Knox, Fargo, for appellants.

Nilles, Oehlert & Nilles, Fargo, Swendseid & Bekken, Stanley, for respondents.

BURKE, Judge.

This is an action to determine adverse claims to a mineral interest in the Northeast Quarter (NE¼) of Section Seven (7) in Township One Hundred Fifty-One (151), Range Ninety (90), in Mountrail County, North Dakota. In their complaint the plaintiffs alleged that they were the owners of an 80 percent interest in the oil and gas in or under the described land and asked that title thereto be quieted in them. The defendants answered, alleging that they were the owners of the described land in its entirety, in such proportions and estates as appeared on the title records. After a trial of the action in the District Court of Mountrail County, judgment in favor of the defendants was entered. The plaintiffs have appealed from the judgment.

Upon this appeal there is no settled statement of the case. The only errors specified, however, are that certain of the trial court's findings do not sustain the conclusions of law and the judgment. These are matters which plaintiffs are entitled to have reviewed upon a consideration of the judgment roll. Savold v. Baldwin, 27 N.D. 342, 146 N.W. 544; Cary v. Kautzman, 78 N.D. 875, 53 N.W.2d 99; Brand v. Brand, N.D., 65 N.W.2d 457.

The trial court, among other findings, found that in a prior action to quiet title to the entire estate in the described land, a judgment had been entered decreeing that, Hannah I. Waller, one of the defendants in this action was the owner of the entire estate in said land. The trial court concluded, as a matter of law, that in that action, the court had jurisdiction of the plaintiffs in this action, and jurisdiction of the subject matter, and that the judgment in the former action was res ajudicata as to the rights of the parties herein. He therefore directed the entry of a judgment in this action which decreed the entire estate in such land to Hannah L. Waller and her subsequent grantees.

Appellants object to the trial court's conclusions of law to the effect that, in the former action, the court had jurisdiction of the plaintiffs in this action and jurisdiction of the particular interest or estate in the described land which they are now claiming. They say that certain of the findings of fact make these conclusions legally untenable.

The particular findings which are material to the issues raised may be summarized as follows: that prior to January 17, 1931, Ingeborg Wold, the mother of these plaintiffs was the owner of the land described in the complaint herein; that on that day she conveyed the land, by warranty deed, to her son, Ole H. Wold, reserving to herself eighty percent of the oil and gas therein; that this deed was filed for record in the office of the Register of Deeds of Mountrail County shortly after its exe-

cution and delivery; that on the date of the execution of the deed, the 1930 taxes upon the entire estate in said land remained unpaid; that said land was sold for the 1930 taxes to Mountrail County; that upon a failure of the record owners to redeem from such tax sale, Mountrail County took a tax deed to said land on June 1, 1938, and thereafter sold it to Hannah L. Waller; that in 1948, when Hannah L. Waller commenced her action to quiet title, Ingeborg Wold had been dead for more than ten years but her interest in said land still appeared of record in the Office of the Register of Deeds of Mountrail County; that at that time the interest of these plaintiffs did not appear of record in the office of any official of Mountrail County; that neither Ingeborg Wold nor any of these plaintiffs were specifically named as parties defendant in the former action to quiet title but that there was a general joinder of all parties unknown, claiming any interest or estate in said land, as parties defendant, and service by publication was made.

Appellants argue that these findings show that Ingeborg Wold's interest in said land was separated from the taxable fee prior to the 1931 tax sale and that therefore her interest was not affected by the tax deed proceedings by which Mountrail County acquired title; that such tax deed conveyed only the interest of Ole H. Wold and that therefore in the prior action the court had no jurisdiction of the subject matter of this action. They also argue that jurisdiction of the unknown heirs of a deceased person whose interest in land appears of record, cannot, in an action to quiet title to such land, be acquired by service by publication upon such heirs as unknown persons, unless the deceased ancestor is named as a party defendant in the action.

■ As to appellants' first contention, the findings show that Ingeborg Wold's interest in the land was not separated from the taxable fee until January 1931. At that time the 1930 taxes were unpaid and past due and had become a lien upon the entire estate in said land. Sections 57–0240, 57–0241, NDRC 1943. It follows that the sale of the land for the 1930 taxes included both the interest of Ole H. Wold and that retained by Ingeborg Wold; that the tax deed issued upon a failure to redeem from such sale also included both such interests and that a judgment entered in an action to quiet title upon the tax deed included the entire interest to which the tax deed gave title or color of title.

■ As to appellants' second contention, it appears that their interests were not of record and that none of them was in possession thereof and that therefore under the provisions of Section 32–1706, NDRC 1943, they qualified as persons who might be joined as unknown persons in the first action to quiet title and that service by publication having been made, the judgment entered therein was binding on them. Section 32–1706, supra, reads as follows:

"All persons having or claiming any estate or interest in, or lien or encumbrance upon, the property described in the complaint, whether as heirs, devisees, legatees, or personal representative of a deceased person, or under any other title or interest, and not in possession, nor appearing of record in the office of the register of deeds, the clerk of the district court, or the county auditor of the county in which the land is situated, to have such claim, title or interest therein, may be proceeded against as persons unknown, and any order, judgment, or decree entered in the action shall be valid and binding on such unknown persons whether of age or minors, and on those claiming under them."

The fact that plaintiffs' deceased mother whose interest did appear of record, was not joined as a party defendant, does not affect the validity of the proceedings against them as unknown defendants. Bartell v. Morken, N.D., 65 N.W.2d 270.

It follows that, in the action to quiet title to the described land commenced in 1948 by Hannah L. Waller, the court had jurisdiction of the subject matter of this action and jurisdiction of these plaintiffs, and that the judgment of the District Court in the former action is binding on them. The conclusion of the District Court that all of the issues attempted to be raised in this action were determined adversely to these plaintiffs in the former action and are res adjudicata is therefore correct.

The judgment of the District Court is therefore affirmed.

GRIMSON, C. J., and JOHNSON, SATHRE and JAMES MORRIS, JJ., concur.