BEULAH COAL MINING COMPANY, a Corporation, Appellant, v. KARL HEIHN, JR., and Rosina Heihn, Respondents.

(180 N. W. 787.)

**Mines and minerals — mining rights may be separated from surface.**

1. A mining right may be separated from the surface, which may be held by one person and the mining right by another; and the ownership of mines, whether opened or unopened, may exist distinct from the ownership of the surface.

**Mines and minerals — method of severing mine and surface of land by conveyance stated.**

2. The severance of a mine and the surface of lands may be accomplished by a conveyance of the mines and minerals, or by a conveyance of the land with a reservation or exception as to the mines and minerals.

**Mines and minerals — surface and minerals held by separate titles in severalty after severance.**

3. After severance, the surface and minerals are held by separate and distinct titles in severalty, and each is a freehold estate of inheritance.

**Mines and minerals — exception in deed held not void for uncertainty and to reserve to grantor of surface title in mineral.**

4. In this case the grantor inserted in the granting clause in the deed the following provision: "Excepting and reserving unto the grantor, its successors and assigns, forever, all coal and iron upon or in said land, and also the use of such surface as may be necessary for exploring for and mining or otherwise extracting and carrying away the same." It is *held* that, in absence of statutory provisions to the contrary, this provision is not void for

NOTE.—On effect upon remote grantee, of reservation or exception of mineral rights, see note in 4 L.R.A.(N.S.) 477.

On the question of title to surface and minerals severable, see notes in 24 Am. St. Rep. 554, and 140 Am. St. Rep. 951.

uncertainty or indefiniteness, and that it excepted the coal and iron deposits from the operation of the deed, and that the fee title thereto was retained in the grantor.

**Covenants — covenant of seisin broken as soon as deed delivered where grantor not seised of property.**

5. Where the grantor is not seised of property which his deed purports to convey, the covenant of seisin is broken as soon as the deed is made and delivered, and an immediate right of action accrues to the grantee for its breach.

**Covenants — when substantial or nominal damages may be had for breach of covenant stated.**

6. If there is merely a technical breach of the covenant, the grantee is entitled to merely nominal damages; but in cases where the grantor, at the time of the execution and delivery of the deed, is not in fact or in law seised of the premises to which the covenant relates, a cause of action, for substantial damages, accrues immediately upon the delivery of the deed.

**Assignments — cause of action for breach of covenant of seisin assignable.**

7. Under § 5446, Comp. Laws 1913, a cause of action for the breach of a covenant of seisin is assignable.

**Covenants — damages for breach of covenant of seisin is consideration paid with interest.**

8. In cases where the conveyance passes nothing to the grantee, the measure of damages for the breach of the covenant of seisin is prima facie the consideration paid by the grantee and interest on such sum.

**Assignments — assignee may recover same damages for breach of covenant of seisin in that grantee might have recovered.**

9. Where an action for breach of a covenant of seisin is brought by an assignee of the grantee, and it is shown that the assignee paid to his assignor the same consideration which the assignor paid to his grantor, the assignee is entitled to recover the same damages that the grantee might have recovered if he had maintained the action.

Opinion filed December 9, 1920.

From a judgment of the District Court of Mercer County, *Hanley, J.*, plaintiff appeals.

Reversed.

*Newton, Dullam, & Young,* for appellant.

A reservation is a clause in a deed whereby the grantor reserves some new thing to himself issuing out of the things granted and not *in esse*

before. 4 Kent, Com. 468; Marshall v. Trumball, 28 Conn. 183, 73 Am. Dec. 667; Winston v. Johnson, 42 Minn. 401, 45 N. W. 958; Devlin, Deeds, § 979.

The language used, whether technically an exception or reservation, sufficiently severed the mineral rights from the title to the surface. Moore v. Griffin (Kan.) 4 L.R.A.(N.S.) 477, 83 Pac. 395; Gould v. Howe, 131 Ill. 490, 23 N. E. 602.

The separation of estates may be accomplished by an exception in the deed conveying the lands by which the grantor carves out and retains the right to the minerals in the land. The right retained by the exception is the ownership of the minerals. Chartiers Block Coal Co. v. Mellon, 152 Pa. 286, 18 L.R.A. 702, 34 Am. St. Rep. 645, 25 Atl. 597; Koen v. Bartlet, 41 W. Va. 559, 31 L.R.A. 128, 56 Am. St. Rep. 884, 23 S. E. 664.

*Edward S. Allen* and *Theodore Koffel,* for respondents.

The reservation in the deed was insufficient to reserve in grantor the coal rights therein mentioned. Bowne v. Wolcott, 1 N. D. 415; Bowne v. Wolcott, 1 N. D. 497, 17 L.R.A.(N.S.) 1186; Dahl v. Stakke, 12 N. D. 334; Mercer Co. St. Bank v. Hayes, 34 N. D. 640.

This appellant is a remote grantee. It cannot maintain this action. Bull v. Beiseker, 16 N. D. 296.

CHRISTIANSON, Ch. J. This is an action to recover damages for breach of covenants of seisin, right to convey, quiet enjoyment, and warranty. The case was tried to a jury, and resulted in a directed verdict in favor of the defendants, and plaintiff has appealed from the judgment entered upon the verdict.

The question presented on this appeal is whether the trial court erred in directing a verdict in defendants' favor. A determination of that question requires an examination of the evidence.

The undisputed evidence shows that on August 31, 1910, the Northwestern Improvement Company, the then owner of certain lands in section 7, township 144, range 87, in Mercer county, in this state, conveyed the same to Karl Heihn, Sr., by a warranty deed, the granting clause of which contained the following reservation: "Excepting and reserving unto the grantor, its successors and assigns, forever, all coal and iron upon or in said land, and also the use of such surface as may be necessary for exploring for and mining or otherwise extracting and

carrying away the same." On June 8, 1914, Karl Heihn, Sr., conveyed the same lands by a warranty deed, containing no reservation or exception whatever, to the defendant Karl Heihn, Jr. On February 5, 1918, the defendants Karl Heihn, Jr., and Rosina Heihn, his wife, conveyed, by a deed containing the usual covenants of seisin, right to convey, quiet enjoyment, and warranty, to the Beulah Coal & Mining Company, "its successors and assigns, forever, all those veins and parcels of lands lying and being in the county of Mercer, and state of North Dakota, and described as follows, to wit: All those seams, strata, deposits, and mines of coal lying and being within and under" the same lands originally conveyed by the Northwestern Improvement Company to Karl Heihn, Sr.

The deed also contained a covenant that said Karl Heihn, Jr., and Rosina Heihn, his wife, did "grant, bargain, sell, and convey unto the party of the second part (Beulah Coal & Mining Company), its successors and assigns, the right to enter into and under said lands, and to take and employ all usual, necessary, proper, or convenient means for working, mining, excavating, making merchantable, and removing the said deposits of coal, and the coal from under adjacent, coterminous, and neighboring lands, without entering upon the surface of the lands hereinbefore described, and to make, build, construct, and maintain in, through, and under the said lands all structures, machinery, roads, ways, excavations, airshafts, drains, drainways, openings, and conveniences necessary for the mining and removal of said deposits of coal from said land, and from adjacent, coterminous, and neighboring lands, and should any depression, subsidence, damage, or injury whatsoever be caused or occasioned to the surface of said lands by reason of the mining operations thereunder, the grantee, its successors and assigns, shall make compensation to the grantors, their heirs, executors, administrators, and assigns therefor, in the amount of the damage or injury so caused or occasioned, not exceeding, however, the sum of fifty dollars ($50) an acre, the grantors having reserved to themselves the title to the surface of said lands."

This suit involves, and is predicated upon a breach of the covenants contained in, the following paragraph of the deed:

"And the said Karl Heihn, Jr., and Rosina Heihn, his wife, parties of the first part, for themselves, their heirs, executors, administra-

tors, and assigns, do covenant with the party of the second part, its suc-cessors and assigns, that they are well seised in fee of the land and premises aforesaid, and have good right to sell and convey the same in manner and form aforesaid, and that the same are free from all encum-brances whatsoever, and the above bargained and granted land and premises in the quiet and peaceable possession of said party of the sec-ond part, its successors and assigns, against all persons lawfully claim-ing or to claim the whole or any part thereof, the said parties of the first part will warrant and defend."

On July 31, 1918, the Beulah Coal & Mining Company conveyed all its interest, right, and title in and to said property to the plaintiff (Beulah Coal Mining Company) by deed of conveyance. At the same time the former company executed and delivered to the latter company a written assignment of all claims, demands, and causes of action which it had against the defendants by reason of a breach of any of the covenants contained in the deed executed and delivered by the defend-ants to the Beulah Coal & Mining Company. The evidence shows that the Beulah Coal & Mining Company, at the time it purchased the coal interests from the defendants, paid a consideration of $10 per acre therefor. The Beulah Coal Mining Company was organized to take over the properties and business of the Beulah Coal & Mining Com-pany; and all the properties of that company were transferred to it for the same consideration which that company paid therefor.

During the course of the trial, plaintiff offered to reconvey to the defendants the property involved in this suit, upon the repayment to it of the consideration which the defendants received therefor when they conveyed it to the Beulah Coal & Mining Company.

The question is, Do these facts establish a prima facie case in favor of the defendant for substantial damages? For appellant disclaims any desire to have the judgment disturbed if it is entitled to merely nom-inal damages.

Defendant contends:

1. That the reservation or exception in the deed is void; and that, hence, defendants had a good title to the property they conveyed, and there was no breach of the covenants of the deed.

2. That even though the reservation was valid, and defendants in fact had no title to the property they conveyed, nevertheless there is

no evidence showing that plaintiff or its assignor has sustained any damages. These propositions will be considered in the order stated.

(1) Under the first contention it is argued:

(a) That the clause, in the deed given by the Northwestern Improvement Company to Karl Heihn, Sr., which purported to except all coal and iron deposits and reserve title thereto in the grantor, was ineffectual, and did not prevent the title to such deposits from vesting in the grantee named in the deed, for the reason that the nature, length, width, and thickness of the mineral deposits sought to be reserved were not stated as required by § 5518, Comp. Laws 1913.

(b) That even though § 5518, supra, be deemed inapplicable to the deed in question, the clause is, under general rules of law applicable to such clauses, void for uncertainty and indefiniteness.

The deed in question was executed and delivered August 31, 1910, and recorded in the office of the register of deeds of Mercer county, on November 21, 1910. The statute invoked by defendants was not in existence at that time. That statute was approved, and became effective, March 17, 1911. See chapter 304, Laws 1911. That statute did not purport to be retroactive, but operated prospectively only. Hence, it clearly has no application to the deed in controversy, and in no manner affected the validity of the clause in that deed which is the primary cause of this controversy.

Minerals in place are land, and may be conveyed as other lands are conveyed. "A mining right may be separated from the surface, which may be held by one person and the mining right by another, and the ownership of mines, whether opened or unopened, may exist distinct from the ownership of the surface. There may be as many different owners as there are strata; thus, one person may own the surface, another may be entitled, by conveyance, to the iron, another to the limestone, and still another to the stratum of coal. After severance, the surface and minerals are held by separate and distinct titles in severalty, and each is a freehold estate of inheritance. . . . Since under modern law, livery of seisin—as the distinguishing feature between corporeal and incorporeal hereditaments—has been supplanted by deed and registration, there is nothing incongruous in considering a grant of the substratum a grant of land as much as is a conveyance of the surface itself, and so it is the general rule that whether the granted

right therein be deemed a corporeal or an incorporeal hereditament, it should be conveyed or granted as land itself." 18 R. C. L. pp. 1174, 1175. "The severance of a mine and the surface of lands may be accomplished by a conveyance of the mines and minerals, or by a conveyance of the land with a reservation or exception as to the mines and minerals. There is no substantial difference between these two methods in the result accomplished; for a reservation will be construed as an exception where that is the plain intent, and the grantor will retain in himself a fee simple estate in the portion reserved. And so the fact that subsequent to the severance of the minerals from the surface estate a conveyance of the land is made in which no reservations or exceptions of the minerals are set forth does not extinguish the rights of the mineral owner nor vest any of the mineral rights in the grantee of such a conveyance." 18 R. C. L. pp. 1175, 1176. Contracts excepting ores and minerals from grants of land, with a reservation of the right to enter upon the portion thereof granted, are in accordance with long-established usage, and have been invariably held by the courts to be valid; and not to be contrary to, but in harmony with, public policy. 18 R. C. L. p. 1176. The practice of excepting ores and minerals from grants of land has been adopted not only by individuals, but by the government. Thus the United States has for some time made it a practice to except from the grant, by appropriate recitals in the patent, coal deposits in lands classified as coal lands in this state. The clause inserted in such patent reads thus: "Reserving, also, to the United States all coal in the lands so granted, and to it, or persons authorized by it, the right to prospect for, mine, and remove coal from the same upon compliance with the conditions of and subject to the limitations of the Act of June 22, 1910." 36 Stat. at L. 583, chap. 318, Comp. Stat. § 4666, 6 Fed. Stat. Anno. 2d ed. p. 608. Of course, under such patents the coal deposits, if any, are severed from the surface. The patentee becomes the owner of the surface of the land, while the United States remains the owner in fee of the coal deposits beneath it; and such coal deposits are "subject to disposal by the United States in accordance with the provisions of the coal land laws in force at the time of such disposal." Act June 22, 1910, § 3, 36 Stat. at L. 583.

The phraseology of the clause in controversy in this case clearly indicates that it was the intention of the grantor to sever the coal deposits

from the surface, and to retain in the grantor the ownership in fee of all coal and iron deposits which might exist in the land. There is nothing uncertain as to what is excepted from the operation of the grant,—it is the iron and coal deposits contained in the soil. An exception quite similar to the one involved in this case was construed by this court in Northwestern Improv. Co. v. Oliver County, 38 N. D. 57, 164 N. W. 315, and it was held that by virtue of such exception the grantor remained the owner of an interest in the land; that such interest was subject to taxation as property belonging to the grantor; and that the grantor might properly maintain a statutory action to determine adverse claims to the interest or estate so retained.

We have this situation, therefore, in this case: the defendants sold, and by their deed purported to convey, to the Beulah Coal & Mining Company, certain property which they did not own, and in which they had no interest. Hence, the covenant of seisin was broken immediately upon the delivery of the deed. For "it is well established by the great weight of authority that a covenant of seisin runs in the present in reference to the date of the deed, in contradistinction to a covenant of warranty, or for quiet enjoyment, which runs in the prospective, and that, in the event of its not being true when made, there is a breach of it *eo instanti,* as soon as the deed is made and delivered, and an immediate right of action accrues to the vendee for its breach, and the rights of the parties must be determined by the condition of the title at the date of the covenant." 7 R. C. L. p. 1156.

(2) The defendants admit that, if the reservation or exception in the deed was valid, there was a breach of the covenant of seisin; but they assert that such breach was technical only, and that unless and until the grantee is evicted, it and its assigns are limited in recovery to nominal damages merely. The rule contended for by defendants has the support of respectable authority; but we do not believe it the correct one in cases where the grantor, at the time of the covenant, was not in fact or in law seised of the premises to which the covenant relates. In such cases we believe it to be the better doctrine that a cause of action, for substantial damages, accrues as soon as the deed containing the covenant is delivered. Nothing to the contrary was said in Bowne v. Wolcott, 1 N. D. 415, 48 N. W. 336. In that case the grantor was the owner of the full equitable and beneficial title to the land, but the

naked legal title was held by the United States. The grantee, therefore, received the full equitable and beneficial title, and in the ordinary course of events the United States would transfer to him the naked legal title which it held in trust for him. In these circumstances the court held that the grantee was entitled to recover nominal damages only. The court, however, recognized that a distinction existed between that case and a case wherein the grantor had no interest to convey.

In its decision in that case this court said: "The defendant, at the time he executed the conveyance in this case, was the owner of the full equitable and beneficial title to the land, but the naked legal title was held by the United States. We hold that the covenants in the deed can be satisfied by nothing less than the conveyance of the absolute title, both legal and equitable. Lord Ellenborough, in Howell v. Richards, 11 East, 633, 103 Eng. Reprint, 1150, said: "The covenant of title is an assurance to the purchaser that the grantor has the very estate in quantity and quality which he purports to convey. The legal title being in the government, defendant did not convey to the plaintiff complete equitable, legal, and alienable title to the land, and hence the covenant of seisin was broken.

"The more difficult question in this case, however, pertains to the correct rule of damages for such breach. It has been repeatedly announced, both in the textbooks and in the decided cases, that the measure of damages for the breach of the covenants of seisin was the consideration paid, with interest. In numberless cases this statement stands unqualified. But an examination of the cases will show that in each instance a paramount title had been asserted, or *that the grantee took nothing by the conveyance, for the reason that the grantor had no interest to convey.* . . . In this case, however, there is no allegation that no interest passed by the deed. On the other hand the complaint is pregnant with the thought that some estate did pass to the grantee, and the findings show that the full equitable title—everything but the mere legal title—passed to the grantee, that possession passed, and that such possession has remained undisturbed, and no hostile title has ever been in any way asserted. The record thus made would negative the idea that the grantee took nothing. It is perfectly clear that he took a very valuable interest. No reconveyance is tendered."

In the instant case the mineral estate had been severed from the surface estate. Such severance created two estates, which were, and are, "as distinct as if they constituted two different parcels of land." 18 R. C. L. p. 1184; Delaware & H. Canal Co. v. Hughes, 183 Pa. 66, 63 Am. St. Rep. 743, 38 Atl. 568, note in 140 Am. St. Rep. 956. The defendants owned only the surface estate. They had no more interest or estate in, or right to convey, the mineral estate than they had intent in, or right to convey, an adjoining tract of land owned and occupied by someone else. Hence, nothing passed by the conveyance of the defendants, and a cause of action for substantial damages accrued to the grantee as soon as the defendants executed and delivered the deed. Devlin, Real Estate, 2d ed. §§ 888, 889, 894; Bowne v. Wolcott, 1 N. D. 415, 420, 48 N. W. 336. In such cases,—cases where the conveyance passes nothing to the grantee,—the measure of damages for the breach of the covenant of seisin is prima facie the consideration paid by the grantee and interest on such sum for the time during which the grantee *derived no benefit from the property not exceeding six* years. Devlin, Real Estate, 2d ed. § 894; Comp. Laws 1913, § 7149. And where such action is brought by an assignee of the grantee, and it is shown that the assignee paid the same consideration to his assignor which the assignor paid to the grantor, the assignee is entitled to recover the same damages that the grantee might have recovered if he had maintained an action. 7 R. C. L. pp. 1176, 1177, § 96. See also Bowne v. Wolcott, 1 N. D. 417, 419, 48 N. W. 336.

Defendants assert that the covenant of seisin does not run with the land. That is the holding of this court in Bowne v. Wolcott, 1 N. D. 417, 48 N. W. 336, and we see no reason for overruling that decision. The plaintiff in this case does not, however, predicate its right of action alone upon the conveyance which it received from the Beulah Coal & Mining Company. It also holds a written assignment of the claim or cause of action which the Beulah Coal & Mining Company had against the defendants for the breach of the covenants of the deed; and such assignment is alleged in the complaint. As already indicated, the plaintiff corporation took over all the business and assets of the Beulah Coal & Mining Company, and the transfer of the cause of action against the defendants was not an isolated transaction, but part of, and incidental to, the general transfer of such business and assets. Upon the trial

defendants' counsel conceded that plaintiff was entitled *to recover nominal damages for the breach of the covenant of seisin.* Of course, this concession could only have been made upon the theory that the plaintiff was the owner of the claim sued upon. And we see no reason why the plaintiff might not become the assignee of the claim upon which this action is predicated. For our statute provides: "A thing in action, arising out of the violation of a right of property or out of an obligation, may be transferred by the owner." Comp. Laws 1913, § 5446. "A thing in action is a right to recover money or other personal property by a judicial proceeding." Comp. Laws 1913, § 5445. See also Kimball v. Bryant, 25 Minn. 496; Van Doren v. Relfe, 20 Mo. 455; 15 C. J. p. 1300; 5 C. J. p. 850; Pom. Code Rem. 3d ed. § 126.

It follows from what has been said that the trial court erred in *directing a verdict in favor of the defendants.* The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

BRONSON, GRACE, and BIRDZELL, JJ., concur.

ROBINSON, J. (dissenting). The complaint is based on mere theory and conjecture concerning the value of mineral rights contained in conveyances of certain land, but the complaint does not contain a covenant that such mineral rights have any value whatever. The principle is the same as if the reservation had been of mineral located a hundred miles below the surface of the earth, only that in the latter case it would appear to a certainty that the reservation was of no value. In this case the reservation may or it may not be of any value. There is neither averment, presumption, or proof of value. Hence the court properly directed a verdict for the defendant.

In August, 1910, the Northwestern Improvement Company conveyed the land in question and other lands to Karl Heihn, Sr., by warranty deed, recorded November, 1910, reserving all coal and iron upon or in the land. In June, 1914, Karl Heihn, Sr., conveyed the land to Karl Heihn, Jr. In February, 1918, Karl Heihn, Jr., and wife conveyed to Beulah Coal & Mining Company all deposits and mines of coal on a part of the land. The deed contained a general warranty of title to the land and of quiet and peaceable possession. The Beulah Coal & Mining

Company reorganized and took a new name, to wit, the Beulah Coal Mining Company, and it conveyed to itself by its new name the mineral rights in the land, though, of course, nothing was paid for the conveyance. Then, for a failure of title and a failure of quiet possession, this suit is brought to recover $1,200 as the price of the mineral rights to 120 acres of land. But there is no proof showing a failure of quiet possession, no proof showing any coal or iron in or upon the land, no proof to show actual damages. True in an ordinary deed of real property the detriment caused by the failure of title or quiet possession is presumed to be the consideration paid. Comp. Laws, § 7141. But this is not a conveyance of land. It is merely a right to go upon certain land to explore it and to take and carry away any coal that may perchance be found. The statute applies to an ordinary conveyance of land which the purchaser has an opportunity to see and to agree upon its value. And so the principle should apply to a transfer of personal property, but not to a mere chance in a lottery or anything which may or may not exist. For aught that appears from the proof and pleading, the deed under which plaintiff claims may not convey any property. There may not be a pound of coal on or in the land, and if there is any coal it may be such that it would not pay to mine it.

In such a case the burden is on the plaintiff to aver and prove actual damages. The action should be dismissed without prejudice.