John W. PAYNE; Roland M. Gross and Winifred E. Gross; Ida M. Harwood and Walter J. Harwood; Broken Bone 99 Corporation of Grand Forks, North Dakota, a corporation; Ronald Crighton; D. J. Lamb; James P. Griffin; Hunter S. Smith and Elva M. Smith, husband and wife, as joint tenants; E. O. Hamberg and Elsie Hamberg, joint tenants; G. E. Petters; and John Ingwalson; Walter Kamp and Anita Kamp, Plaintiffs and Respondents,

v.

A. M. FRUH COMPANY et al., Defendants and Appellants.

No. 7752.

Supreme Court of North Dakota.

Aug. 3, 1959.

McGee and Van Sickle, Ilvedson, Pringle, Herigstad & Meschke, Palda, Palda & Peterson, Minot, Everett E. Palmer, Williston, Shaft, Benson & Shaft, Grand Forks, Samuel H. Dolve, Minot, Telmar E. Rolfstad, Williston, H. Morris Borstad and Comart Peterson, Tioga, Joseph P. Stevens, Minot, Strutz, Jansonius & Fleck, Bismarck, Burk & O'Connell, Williston, for defendants and appellants.

Bjella, Jestrab & Neff, Williston, for plaintiffs and respondents.

BURKE, Judge.

This is a statutory action to determine adverse claims to interests in real property. The plaintiffs claim title to their respective interests in the land described in the complaint by virtue of deed from Williams County to the plaintiff, Walter Kamp, of land acquired by the county in tax proceed-

ings and by other conveyances subordinate thereto. The defendants claim title to perpetual non-participating royalty interests in the described land, derived from and under seven original royalty assignments executed between May 18, 1936 and September 28, 1937, by the then holder of the record title to the land. The trial of the action in the District Court of Williams County resulted in a judgment for the plaintiffs. The defendants have appealed from the judgment and demanded a trial de novo in this court.

There are three main issues in the case. First, was the tax title acquired by Williams County a valid title? Second, assuming the tax title of Williams County to be invalid, have the plaintiffs acquired title valid in law by adverse possession and payment of taxes for a period of ten years pursuant to the provisions of Section 47–0603, Supplement to North Dakota Revised Code 1943? Third, are the claims of the defendants barred by Section 28-0102, NDRC 1943, commonly referred to as the residuary statute of limitations?

Upon the first issue it is urged by the defendants that the tax deed is void because no notice of the expiration of redemption from the tax sale of the described land was ever served upon any of the defendants. It is conceded that no such service was made. Plaintiffs, however, say that since defendants' interest in the land was such that they had no right of possession or entry they were not entitled to notice. Plaintiffs also contend that the county auditor, in conducting the sale proceedings, precisely followed the statutory procedure in all respects and that therefore the tax title is valid, even though someone who might have been legally entitled to notice of expiration of the period of redemption did not receive it.

Section 57–2804, NDRC 1943, provides:

"The county auditor shall serve the notice of the expiration of the period of redemption upon the owner of the record title of the real estate sold to

the county for taxes, and upon each mortgagee, lienholder, and other person interested therein as may appear from the records of the register of deeds and the clerk of the district court of said county. * * * The register of deeds and the clerk of the district court, upon request by the county auditor, and within ten days thereafter, shall furnish him with a certified list giving the names and addresses of all persons who appear to be interested as owners, mortgagees, lienholders, or otherwise in said real estate, upon whom the notice of the expiration of the period of redemption must be served."

A perpetual non-participating oil and gas royalty is an interest in real property. Corbett v. La Bere, N.D., 68 N.W.2d 211. It is true that a royalty interest includes no right of possession or entry, as is contended by the plaintiffs, but we see nothing in Section 57–2804, supra, which limits the necessity of serving of notice of expiration of redemption, to the holders of possessory interests. This statute requires service upon all persons interested in the land. Furthermore, Section 57–2602 provides that

"Redemption from tax sale may be made by:

"1. Any person or corporation having an interest in the real estate sold * * *."

In the latter section there is no specific listing of types of interest which entitle the owner to redeem and therefore there is no need or opportunity to invoke the rule of ejusdem generis in its construction, as is contended for by the plaintiffs. Construing the two statutes together we have no doubt that the interest of a royalty owner is such that the notice of expiration of redemption must be served on him in tax proceedings.

The plaintiffs assert, however, that since the county auditor precisely followed the directions of the applicable statutes in serving the notice of expiration of redemption, the fact that a person, who was entitled to notice, did not receive it will not invalidate the tax title proceedings. In support of this contention they cite Cota v. McDermott, 73 N.D. 459, 16 N.W.2d 54, 155 A.L.R. 1271, and Schott v. Enander, 73 N.D. 352, 15 N.W.2d 303. In each of these cases it was held that service upon the former record owner by mailing the notice to his address of record was sufficient, even though the record address was not at the time the correct address and the former owner failed to receive the notice. The situation in this case is entirely different. Here the register of deeds failed to certify to the county auditor the names of parties whose interests in the land were of record. Section 57–2804, supra, imposes a duty upon the register of deeds to certify to the county auditor upon request the names and addresses of all persons who have an interest in the land of record. If he fails in this duty, even though his mistake be one of law, the statutory procedure has not been followed. It is not enough that one of the named officers do his duty, each must strictly comply with the statute in order to make the tax title proceedings valid, if service of the notice is not made on interested persons. Knowlton v. Coye, 76 N.D. 478, 37 N.W.2d 343; Wittrock v. Weisz, N.D., 73 N.W.2d 355. It follows that the county's tax deed and the deed from the county to Kamp were both invalid.

We will next consider plaintiffs' claim of a valid title to all of the estate in the land, including the minerals, under the provisions of Section 47–0603, Supp. NDRC 1943. This section provides:

"A title to real property, vested in any person who has been or hereafter shall be, either alone or including those under whom he claims, in the actual open adverse and undisputed possession of the land under such title for a period of ten years and who, either alone or including those under

whom he claims, shall have paid all taxes and assessments legally levied thereon, shall be valid in law. Possession by a county under tax deed shall not be deemed adverse. A contract for deed shall constitute color of title within the meaning of this section from and after the .execution of such contract. This Act (section) shall take effect on January 1, 1954."

In this case the land in question was sold to the county for the taxes for the year 1932. Subsequent tax sale certificates were issued for the years 1933, 1934 and 1935. No redemption was made for these tax sales and a tax deed was issued to Williams County in 1941. As has been stated the royalty interests of the defendants were first severed from the former owner's title to the land in the years 1936 and 1937 or after the tax lien had attached to the land. The county's tax deed therefore gave it title or color of title to the whole estate in the land including the royalty interests. Nystul v. Waller, N.D., 84 N.W.2d 584. When Kamp purchased the land from the county in 1943, he received whatever title or color of title that the county had. Kamp entered into possession of the land in 1943 and paid the taxes thereon for more than ten years prior to the commencement of this action.

■■■ A tax deed is an independent grant from sovereign authority which gives a new complete and paramount title, which has nothing to do with the prior chain of title. Nelson v. Kloster, 68 N.D. 108, 277 N.W. 390; Baird v. Stubbins, 58 N.D. 351, 226 N.W. 529, 65 A.L.R. 1009; Peterson v. Reishus, 66 N.D. 436, 266 N.W. 417, 105 A.L.R. 724. Such a deed, by the provisions of Section 2206, C.L.1913 (the law in force when the deed in this case was executed), is "conclusive evidence of the truth of all of the facts therein recited and prima facie evidence of the regularity of all of the proceedings from the assessment and valuation of the land by the assessor up to the execution of the deed." In

Twedt v. Hanson, 58 N.D. 571, 226 N.W. 615, 618, this court stated: "This deed being prima facie evidence of the regularity of the proceedings, we therefore presume that the notice of expiration of redemption was properly served as required by law, and the burden of proof is upon the appellant to show a contrary state of facts." It follows from what has been said above that a tax deed, valid upon its face, creates a presumptive title in the grantee to the entire estate in the land upon which the taxes for which the land was sold were a lien and that such presumption of title continues in effect until it has been overcome by the affirmative action in court, by suit or counterclaim on the part of a person who has a sufficient interest to challenge the title.

Furthermore, it appears that no mineral interests have ever been separated from the title under consideration here. There was a separation of the royalty interests in so far as the former record owner and the old chain of title were concerned. There was no separation, however, of any interest from the tax lien of the county. That lien remained a single lien upon the whole interest in the land and the title founded upon the tax lien was a new and presumptively paramount title to the whole interest. As was said in Gwynne v. Niswanger, 20 Ohio 556, 564, and quoted with approval in Baird v. Stubbins, 58 N.D. 351, 357, 226 N.W. 529, 65 A.L.R. 1009: "A tax title, from its very nature, has nothing to do with the previous chain of title; does not in any way connect itself with it. It is the breaking up of all previous titles. The party holding such title, in proving it, goes no further than his tax deed; the former can be of no service to him, nor can it hurt him."

■■ We have held that the severance of a mineral interest from the surface estate creates two estates which are as distinct as if they constituted two different parcels of land. Beulah Coal Mining Co. v. Heihn. 46 N.D. 646, 180 N.W. 787. That holding

is unquestionably correct as between parties who are privy to the chain of title and as to a county when the severance occurs at a time when the severed interest is free of any tax lien. Bilby v. Wire, N.D., 77 N.W.2d 882. Where, however, a mineral interest is severed from the surface at a time when the whole interest in the land is subject to the county's lien for taxes, there is no severance as to the county. The county's lien remains a single lien upon the entire estate in the land and its title founded upon such lien is a new and paramount title from which no minerals have ever been severed.

■ In considering the extent of adverse possession under such a title or presumptive title it is erroneous to consider the possession as being that of the surface estate or of the mineral estate or of both of such estates. Such a title is unitary, it is title to a single estate which comprises every possible interest in the land and possession under such title or presumptive title is unitary in the same manner as if the former chain of title had not shown any separation of estates or interests as between the parties privy to it. Jenkins v. Frederick, 208 Okl. 583, 257 P.2d 1058; 2 O&GR 1289: Note 6 O&GR 96.

■ The rule that the possession of the surface of the land does not constitute possession of a severed mineral interest is not applicable here because there has never been a separation of any interest of any kind from the title under consideration.

■ Since actual possession of the land by the plaintiff Kamp for ten years, and his payment of all taxes assessed and levied thereon is not challenged, it must be held that his title and the conveyances made thereunder are valid in law. Since this holding disposes of this case, there is no occasion to decide any of the other issues raised on this appeal.

It also follows from what has been said that the trial judge's decision that defendants' counterclaims were barred by the residuary statute of limitations was correct.

The judgment of the district court is affirmed.

SATHRE, C. J., HARRY E. RITTGERS, D. J., and MORRIS and TEIGEN, JJ., concur.

STRUTZ, J., being disqualified, did not participate; Honorable HARRY E. RITTGERS, Judge of the Fourth Judicial District, sitting in his stead.