Elizabeth SICKLER, a/k/a Betty Sickler, Plaintiff and Appellee,

v.

Cyrus J. POPE a/k/a Cyrus John Pope, et al., Defendants,

Theodore Kellogg, Ruth Shapiro, Margaret Rauch, and James Robert Pope, Defendants and Appellants.

Civ. No. 10219.

Supreme Court of North Dakota.

Nov. 10, 1982.

Mackoff, Kellogg, Kirby & Kloster, P.C., Dickinson, for appellants; argued by John L. Sherman, Dickinson.

Reichert, Howe, Hardy, Galloway & Jorgensen, P.C., Dickinson, for appellee; argued by Michael J. Maus, Dickinson.

PAULSON, Justice.

Theodore Kellogg, Ruth Shapiro, Margaret Rauch, and James Robert Pope, et al. appeal from the judgment of the District Court of Dunn County dated March 17, 1982, quieting title to the mineral estate of the Southwest Quarter of Section Fourteen, Township One Hundred Forty-one North, Range Ninety-four West, Dunn County, North Dakota, in favor of Elizabeth Sickler, a/k/a Betty Sickler. We reverse.

Elizabeth Sickler brought an action to quiet title to the mineral estate in 160 acres in Dunn County. Sickler and her predecessors in interest claim undivided title to both the mineral and surface estates through a

quitclaim deed issued by Dunn County in 1943 to Jacob Reichert, Jr., as the successor in interest to the former owner upon full performance of a contract for deed to repurchase real estate forfeited to the county under tax deed proceedings, pursuant to the effective provisions of § 19, chapter 286, 1941 Session Laws [now codified as § 57–28–19, North Dakota Century Code]. Defendants and appellants Kellogg, Shapiro, Rauch, and Pope, et al. claim title to the mineral estate through the former record owner, Caroline Pope, by virtue of a special warranty deed executed September 10, 1941, by Caroline Pope, H.A. Mackoff, and Theodore Kellogg, to Jacob Reichert, Jr. This special warranty deed granted to Reichert the right to repurchase the land in question, pursuant to § 19, chapter 286, 1941 S.L. The special warranty deed also contained language reserving the mineral estate in the grantors. James Pope claims a one-half interest in the minerals as the successor in interest to Caroline Pope; Theodore Kellogg claims a one-fourth interest in the minerals; and Margaret Rauch and Ruth Shapiro each claim an undivided one-eighth interest in the minerals as the successors in interest to H.A. Mackoff.

The facts material to the determination of this controversy are as follows:

Cyrus J. Pope received a patent for the land in question from the United States Government on May 5, 1913. On January 16, 1919, Cyrus J. Pope entered into a contract for deed to convey this property to Jacob Reichert, Jr. Subject to the contract for deed, Caroline Pope acquired title to the property from her husband, Cyrus J. Pope, via a warranty deed dated August 5, 1926.

Real estate taxes for the year 1931 were not paid and the property was sold to the county for taxes on December 13, 1932. The contract for deed to Jacob Reichert, Jr., was canceled by a judgment dated November 8, 1937, and a final judgment and decree dated April 1, 1938. In return for legal services rendered in the cancellation of the contract for deed, Caroline Pope, on September 9, 1937, executed a warranty deed conveying an undivided one-half interest in the Southwest Quarter of Section 14, Township One Hundred Forty-one North, Range Ninety-four West, Dunn County, North Dakota, to H.A. Mackoff and Theodore Kellogg. This deed could not be recorded at that time because of the existing tax lien and was not, in fact, recorded until December 23, 1953.

In January 1939 the Dunn County auditor commenced proceedings to sell the property for nonpayment of the 1931 real estate taxes. Notice of expiration of the period of redemption was given January 16, 1939. On October 2, 1939, an auditor's tax deed was executed, conveying the Southwest Quarter of Section Fourteen, Township 141 North, Range 94 West to Dunn County.

In 1941, because the period of redemption had expired, Jacob Reichert, Jr., sought to repurchase the property as the successor in interest to the former owner pursuant to § 19, chapter 286, S.L.1941.[1] On September 10, 1941, by a document in the form of a special warranty deed, Caroline Pope, H.A. Mackoff, and Theodore Kellogg conveyed the property to Jacob Reichert, Jr., reserving unto themselves the mineral estate. On October 10, 1941, the Dunn County board of county commissioners executed a contract for deed in redemption of real estate in favor of Jacob Reichert, Jr., as the successor in interest to the former owner. A

---

1. The pertinent parts of § 19, chapter 286, 1941 S.L., provided as follows:

"§ 19. *Right of Owner to Repurchase.*] The owner, or his successor in interest, shall have the right to repurchase all real estate heretofore or hereafter, forfeited to the county under tax deed proceedings, so long as the tax title thereto remains in the county. Such purchase may be for cash or upon contract for deed made by and between the Board of County Commissioners and the owner, or his successor in interest. The consideration of such contract shall include: (1) The total amount required to be paid in the notice to effect a redemption. (2) The total amount of all subsequent taxes with interest, penalties and costs.... That upon the full performance of such contract, the county shall execute and deliver a deed to the purchaser *which shall be executed in the same manner as tax deeds and shall have the same legal effect as prescribed by the terms of this Act."*

quitclaim deed was issued by Dunn County to Jacob Reichert, Jr., on October 20, 1943, conveying the property to him as the successor in interest to the former owner, Caroline Pope.

On November 8, 1943, Jacob Reichert, Jr., and his wife conveyed the property to Valentine Sickler. On March 20, 1958, Valentine Sickler and his wife entered into a contract for deed with Matt Sickler, husband of the plaintiff and appellee, Elizabeth Sickler. Elizabeth Sickler eventually acquired title through a warranty deed dated July 28, 1980. The persons in the chain of title from Jacob Reichert, Jr., down through Elizabeth Sickler have paid all of the real estate taxes assessed against the property.

Elizabeth Sickler commenced this action to quiet title with a summons and complaint dated September 12, 1980. The District Court of Dunn County, in a memorandum decision issued January 28, 1982, concluded that the tax proceedings concerning the sale of the property were invalid because the notice of expiration of period of redemption included taxes for years subsequent to the year 1931 and that, because the proceedings were invalid, the deed from the county to Reichert is also invalid.

Even though the deed from the county to Reichert was found invalid, the district court quieted title to the property in Elizabeth Sickler on the basis of adverse possession under § 47–06–03, N.D.C.C. The court, citing *Payne v. A.M. Fruh Company,* 98 N.W.2d 27 (N.D.1959), reasoned that the county's tax deed, although invalid, gave the county color of title to the entire estate including the minerals. The severance of the minerals in 1941 by Pope, Mackoff, and Kellogg took place at a time when the entire estate was subject to a tax lien in favor of Dunn County. When Reichert purchased the land in 1941, he received whatever title or color of title the county had. The district court concluded that because the mineral estate could not be severed as to the county in 1941 due to the existing tax lien, Reichert obtained color of title from the county to both the surface and the mineral estate. Because Elizabeth

Sickler and her predecessor in interest had been in actual possession of the land for ten years and had paid all taxes assessed and levied thereon, the court quieted title in favor of Elizabeth Sickler.

Although disposing of the case on adverse possession grounds, the district court went on to conclude: that no constructive or resulting trust was created in favor of the former owners by their attempt to reserve the mineral estate; that the claims of appellants Kellogg and the heirs of Mackoff were barred by the doctrine of laches, due to their failure to record the deed by which they acquired their interests, making them strangers to the chain of title at the time Reichert and Valentine Sickler acquired their interests; that the claims of all the defendants were barred by the residuary statute of limitations, § 28–01–05, N.D. C.C., and, finally, that the mineral interest of Elizabeth Sickler was protected by the Marketable Record Title Act (Ch. 47–19.1, N.D.C.C.). Judgment was entered accordingly.

Pope, Kellogg, Shapiro, and Rauch have appealed from the judgment of the district court. The issues presented for review are:

1. Was the tax deed to the county invalid and, if so, what was the nature of the interest, if any, obtained from the county by Jacob Reichert, Jr., and his subsequent grantees?

2. If the tax deed to the county was invalid, was the 1941 special warranty deed from Pope, Mackoff, and Kellogg to Jacob Reichert, Jr., effective to reserve the mineral estate unto the grantors?

3. Have the appellants acquired valid title to the mineral estate by adverse possession, under § 47–06–03, N.D. C.C.?

4. Are the ownership claims of the appellants to the mineral estate barred by the statute of limitations, pursuant to § 28–01–05, N.D.C.C.?

5. Are the ownership claims of the appellants barred by the provisions of the Marketable Record Title Act, Chapter 47–19.1, N.D.C.C.?

6. Are the ownership claims of the appellants barred by the doctrine of laches?

In order to determine the correctness of the district court's decision, we must first discuss the validity of the tax sale proceedings and the effect of the 1941 special warranty deed from Pope, Mackoff, and Kellogg to Jacob Reichert, Jr., and thereby determine the nature of the interest obtained from the county by Jacob Reichert, Jr., and his subsequent grantees.

■ Caroline Pope did not pay the 1931 real estate taxes and the land was sold to the county on December 13, 1932. Notice of expiration of the period of redemption was issued by the county auditor of Dunn County on January 16, 1939. Taxes for years subsequent to 1931, including the years 1936 and 1937, were listed in the notice and included as part of a total lump sum amount required upon the date of expiration of the period of redemption to redeem the real estate.

Neither the 1936 nor the 1937 taxes on the land under consideration were three years old at the time the notice of expiration of the period of redemption was issued. This court has held in a number of cases interpreting the requirements for the notice of expiration of the period of redemption, pursuant to § 1, chapter 285, 1931 Session Laws, that where a notice of expiration of the period of redemption is issued by the county auditor upon a tax certificate acquired by the county at a tax sale, the inclusion in a lump sum therein claimed to be due of taxes which have been delinquent for less than three years prior to the service of the notice renders the notice invalid and a tax deed issued thereon void. *McGee v. Stokes' Heirs at Law*, 76 N.W.2d 145, 150 (N.D.1956); *Grandin v. Gardiner*, 63 N.W.2d 128, 131 (N.D.1954).

Sickler argues that the inclusion of taxes for the years subsequent to 1931 in the notice of expiration of the period of redemption should not render the notice invalid in this case because the notice was never received by the then owner of record, Caroline Pope. Notice was sent to Caroline Pope at Gladstone, North Dakota, by registered mail. The registered letter containing the notice was returned stamped "Moved. Left no address." Thus, Sickler contends that any defects contained in the notice are inconsequential since Caroline Pope neither saw nor relied upon the notice in any manner.

■ However, in order to make tax title proceedings valid, statutory procedures must be strictly complied with. *Payne v. A.M. Fruh Company*, 98 N.W.2d 27 (N.D. 1959). Inclusion of taxes for years subsequent to 1931 in the notice of expiration of the period of redemption in the instant case was contrary to the statutory requirement that the notice specify the amount required to redeem such lands from sale (section I, chapter 285, 1931 S.L.). The defects in the notice of expiration of the period of redemption render it invalid. Consequently, the tax deed issued to Dunn County is void, as is the quitclaim deed from Dunn County to Jacob Reichert, Jr.

■ The district court concluded that even though the tax deed proceedings concerning the land were invalid, Sickler had a valid claim to the mineral estate according to the provisions of § 47–06–03, N.D.C.C.[2] The district court reasoned that the 1939 tax deed to the county, although invalid, gave the county color of title to the entire estate, including the mineral interest. Citing *Payne v. A.M. Fruh Company, supra,* the court concluded that there was no effective severance of the mineral estate in Sep-

---

**2.** Section 47–06–03, N.D.C.C., provides:

"*47–06–03. Title to real property—Adverse possession.*—A title to real property, vested in any person who has been or hereafter shall be, either alone or including those under whom he claims, in the actual open adverse and undisputed possession of the land under such title for a period of ten years and who, either alone or including those under whom he claims, shall have paid all taxes and assessments legally levied thereon, shall be valid in law. Possession by a county under tax deed shall not be deemed adverse. A contract for deed shall constitute color of title within the meaning of this section from and after the execution of such contract."

tember 1941 because at that time the entire premises were subject to a tax lien in favor of Dunn County. Therefore, when Reichert purchased the land in October 1941, he received from the county color of title to the entire estate upon which adverse possession could be based.

■ The district court was correct in determining that a void tax deed could confer upon the county color of title upon which adverse possession could be based. *Grandin v. Gardiner, supra; Payne v. A.M. Fruh Company, supra.* However, the district court did not properly distinguish the case of *Payne v. A.M. Fruh Company, supra,* from the instant case and, consequently, the district court erroneously concluded that no separation of the mineral interests occurred in September 1941.

In *Payne, supra,* the land in question was sold to the county for taxes for the year 1932. The royalty interests of the defendants in *Payne* were severed from the former owners' title to the land in the years 1937 and 1938 or after the tax lien had attached to the land. No redemption was made and a tax deed was issued to Williams County in 1941. Plaintiff Walter Kamp purchased the land from the county at a regular tax sale. The county's tax deed and the deed from the county to Kamp were both subsequently declared invalid because of irregularities in the tax sale proceedings. This court held that where a mineral interest is severed from the surface at a time when the whole interest in the land is subject to the county's lien for taxes, there is no severance as to the county. The county's lien remains a single lien upon the entire estate in the land and its title founded upon such lien is a new and paramount title from which no minerals have ever been severed. *Payne, supra* 98 N.W.2d at 32. Accordingly, this court in *Payne* affirmed the judgment of the district court which determined the plaintiffs-appellees to have valid title to the unitary estate by virtue of the deed from Williams County to Walter Kamp.

In the instant case, the land in question was sold to the county for taxes for the year 1932. No redemption was made and a tax deed was issued to Dunn County in 1939. In September 1941 the record owner, Pope, along with Mackoff and Kellogg, conveyed the property to Reichert by special warranty deed, reserving the mineral interests unto themselves, thus making Reichert their successor in interest. In October 1941, Reichert, as successor in interest to the former owner, entered into a contract with Dunn County to purchase the real estate. In 1943, Dunn County issued a quitclaim deed to Jacob Reichert, Jr., as the successor in interest to the former owner. Because of irregularities in the tax sale proceedings, the tax deed issued to Dunn County and the deed from the county to Reichert were invalid.

The two main factors which distinguish *Payne* from the instant case are: (1) in *Payne* the severance was attempted after the county's tax lien had attached, but before a tax deed had been issued; and (2) in *Payne,* Walter Kamp was a stranger to the title and purchased the property at a regular November tax sale, whereas in the instant case Reichert did not buy the property at a regular tax sale, but, rather, as the successor in interest to the former owner, pursuant to the provisions of § 19, chapter 286, 1941 S.L.

Sickler, as Reichert's subsequent grantee, is attempting to claim free of the mineral severance contained in the 1941 special warranty deed. This same deed gave Reichert the right to purchase the property as the successor in interest to the former owner. The special warranty deed was recorded in the office of the Dunn County register of deeds on November 5, 1941, the same day that the contract for deed for redemption of real estate between Dunn County and Reichert was recorded. Reichert had actual notice of the language of severance in the 1941 special warranty deed and all of his subsequent grantees had constructive notice of it.

The district court recognized that there was a separation of mineral interests insofar as the record owners were concerned. The district court also recognized, citing

*Payne, supra,* that a tax deed is an independent grant from sovereign authority which gives a new, complete, and paramount title which has nothing to do with the prior claim of title. However, the district court incorrectly applied our decision in *Payne v. A.M. Fruh Company, supra,* in determining that Reichert and his subsequent grantees received from the county color of title to the unitary estate upon which adverse possession could be based.

Reichert was not an innocent purchaser at a regular tax sale, nor was he a stranger to the title when he entered into a contract for deed with Dunn County in October 1941 to repurchase the real estate as the successor in interest to the former owners. Sickler, as Reichert's subsequent grantee, is now attempting to claim free of the language of severance contained in the very same special warranty deed which made Reichert the successor in interest and enabled him to purchase the property, not at a regular tax sale, but at a special repurchase proceedings provided for by § 19, chapter 286, 1941 S.L.

In *Payne v. A.M. Fruh Company, supra* 98 N.W.2d at 31–32, this court stated:

"We have held that the severance of a mineral interest from the surface estate creates two estates which are as distinct as if they constituted two different parcels of land. *Beulah Coal Mining Co. v. Heihn,* 46 N.D. 646, 180 N.W. 787. That holding is unquestionably correct as between parties who are privy as to the chain of title and as to a county when the severance occurs at a time when the severed interest is free of any tax lien. *Bilby v. Wire,* N.D., 77 N.W.2d 882. Where, however, a mineral interest is severed from the surface at a time when the whole interest in the land is subject to the county's lien for taxes, there is no severance as to the county. The county's lien remains a single lien upon the entire estate in the land and its title founded upon such lien is a new and paramount title from which no minerals have ever been severed."

Reichert was privy to the chain of title and therefore the mineral interest was effectively severed as to him and as to his subsequent grantees by virtue of the constructive notice of severance afforded by the special warranty deed which appears of record in the chain of title. Furthermore, Reichert did not receive his right to title solely from the county as would an innocent purchaser at a regular tax sale.

Jacob Reichert, Jr., became entitled to repurchase the property as the successor in interest of Pope, Mackoff, and Kellogg, by virtue of the special warranty deed issued to him in September 1941. The special warranty deed contained a mineral reservation in favor of the grantors. The special warranty deed was recorded in the office of the Dunn County register of deeds on November 5, 1941. Recorded on that same day was the contract for deed in redemption of real estate entered into by Dunn County and Jacob Reichert, Jr., as the successor in interest of the former owner. In 1943, a quitclaim deed was issued by Dunn County to Jacob Reichert, Jr., as the successor in interest to the former owner, Caroline Pope. Because Jacob Reichert, Jr., purchased as a successor in interest to the former owner and because the special warranty deed which enabled him to purchase as successor in interest contained a mineral reservation in favor of the grantor and because this special warranty deed is part of the record chain of title, Sickler, as Reichert's subsequent grantee cannot now claim title to the unitary estate free of the mineral reservation contained in the special warranty deed.

There was a severance of the mineral estate as between parties privy to the chain of title; therefore, the title acquired by Reichert from the county was not a unitary title to both the surface and the mineral estates. The 1941 special warranty deed from Pope, Mackoff, and Kellogg to Reichert effectively reserved the mineral interest in favor of the grantors, and therefore unless Sickler can prevail in her argument for valid title—by reason of either adverse possession, laches, the residuary statute of limitations, or protection under the Market-

able Record Title Act—she cannot claim title to the mineral estate.

The district court in its memorandum decision concluded that Sickler had a valid title to the real estate under consideration, pursuant to § 47–06–03, N.D.C.C., because Sickler and her predecessors in interest had been in actual possession of the land for ten years and had paid all taxes and assessments levied thereon. However, the district court's decision was based upon its erroneous conclusion that no severance of the mineral estate had occurred. The severance of the mineral interest from the surface estate created two separate and distinct estates so that possession of the surface of the land by Sickler and her predecessors would not constitute possession of the severed mineral interest sufficient for adverse possession. *Bilby v. Wire,* 77 N.W.2d 882 (N.D.1956). Sickler and her predecessors would need to have had open, adverse, and undisputed possession of the mineral estate for a period of ten years in order to claim title by adverse possession pursuant to § 47–06–03, N.D.C.C.

■ There must be actual possession of the mineral estate before there can be adverse possession of it. *Bilby v. Wire, supra* 77 N.W.2d at 889. The oil and gas leases executed by Sickler and her predecessors, while evidence of possession, do not constitute actual possession sufficient for adverse possession of the severed mineral interest. *See* Williams and Meyers, Oil and Gas Law, § 224.4, n. 4 (1981). To hold otherwise would be to allow any person in possession of a severed surface estate to lease the mineral estate beneath his land for the requisite statutory period and then claim valid title to the mineral estate against the record owner by adverse possession. Sickler and her predecessors never had possession of the minerals, if any, under the land involved. They, therefore, could not acquire title to the mineral estate by adverse possession. *Bilby v. Wire, supra* 77 N.W.2d at 889.

■ Furthermore, neither the Marketable Record Title Act nor § 28–01–05, N.D.C.C., the so-called residuary statute of limitations[3] operates to protect Sickler's claim to the mineral estate. The statute of limitations does not apply, as respects the acquisition of title to property, to anyone not in possession. A mere claim, for whatever time, unaccompanied by actual possession, can give no right under the statute. *Bilby v. Wire, supra* 77 N.W.2d at 889–890. Because there was no actual possession by Sickler and her predecessors in interest, their mere claim, for whatever time, gave them no rights under the statute as against the record holders of the mineral interest.

■ Similarly, the Marketable Record Title Act, Chapter 47–19.1, N.D.C.C., does not apply to protect Sickler's claim to the mineral estate.[4] In order to come under the protection of this statute, one who claims an interest in real estate must have two qualifications. He must have an unbroken

---

**3.** Section 28–01–05, N.D.C.C., provides:

"*28–01–05. Actions founded upon title to real estate or to rents or services therefrom —Limitations.*—No cause of action, or defense, or counterclaim to an action founded upon the title to real property, or to rents or service out of the same, shall be effectual unless it appears that the person prosecuting the action or interposing the defense or counterclaim, or under whose title the action is prosecuted or the defense or counterclaim is made, or the ancestor, predecessor, or grantor of such person, was seized or possessed of the premises in question within twenty years before the committing of the act in respect to which such action is prosecuted or such defense or counterclaim is made."

**4.** Section 47–19.1–01, N.D.C.C., provides:

"*47–19.1–01. What constitutes marketable title.*—Any person having the legal capacity to own real estate in this state, who has an unbroken chain of title to any interest in real estate by himself and his immediate or remote grantors under a deed of conveyance which has been recorded for a period of twenty years or longer, and is in possession of such real estate, shall be deemed to have a marketable record title to such interest, subject only to such claims thereto and defects of title as are not extinguished or barred by the application of the provisions of this chapter, instruments which have been recorded less than twenty years, and any encumbrances of record not barred by the statute of limitations."

chain of title of record and he must be in possession of the interest which he claims. *Northern Pacific Railway Company v. Advance Realty Company,* 78 N.W.2d 705, 719 (N.D.1956). As has been previously stated, the mineral interest in this case was severed from the surface estate by the reservation in 1941. By severance, separate estates are created and each is incapable of possession by the mere occupancy of the other. All that Reichert and his subsequent grantees obtained was title to the surface which did not in any way give them possession of the minerals. The presumption that one having possession of the surface has the possession of the subsoil does not exist where the surface and subsoil rights have been severed. *Northern Pacific Railway Company v. Advance Realty Company, supra* 78 N.W.2d at 719. Because Sickler and her predecessors in interest have not been in possession of the mineral estate, they cannot claim any protection under the Marketable Record Title Act, Chapter 47–19.1, N.D.C.C.

■ Finally, the doctrine of laches does not apply to bar the claims of Kellogg and the heirs of H.A. Mackoff. The district court concluded that the claims of Kellogg and the heirs of Mackoff were barred by laches because of their failure to timely record the deed by which they acquired their interest. Mackoff and Kellogg had received their interest to the property from Caroline Pope in 1937 by a warranty deed issued in return for legal services rendered. This deed was not recorded until 1953. The district court reasoned that at the time of the 1941 conveyance by special warranty deed to Reichert and at the time of Reichert's conveyance to Val Sickler in October 1943, Mackoff and Kellogg were complete strangers to the chain of title whose purported interests could be ignored.

In *Simons v. Tancre,* 321 N.W.2d 495, 500 (N.D.1982), this court discussed the application of the doctrine of laches as follows:

"Laches, generally speaking, is such a delay in enforcing one's right as to work a disadvantage to another. *Frandson v. Casey,* 73 N.W.2d 436, 446 (N.D.1955). In

*Sabot v. Fox,* 272 N.W.2d 280, 283 (N.D. 1978), this court set forth the essential elements of the doctrine of laches, quoting with approval from *Adams v. Little Missouri Minerals Association,* 143 N.W.2d 659, 667 (N.D.1966); and *Larson v. Quanrud, Brink & Reibold,* 78 N.D. 70, 47 N.W.2d 743 (1951):

" 'Laches does not arise from mere delay or lapse of time. In addition to the time element, the party against whom laches is sought to be invoked must be actually or presumptively aware of his rights and fail to assert them against a party who has in good faith permitted his position to become so changed that he cannot be restored to his former state.'

"The defense of laches is based principally upon the inequity of permitting a claim to be enforced due to change of conditions of the parties because of such delay, *Sabot, supra.*"

No inequity would result as to Sickler by enforcing the claims of Kellogg and the heirs of Mackoff. Even though Kellogg and Mackoff may have been strangers to the record chain of title when the special warranty deed to Reichert and the subsequent deed to Val Sickler were issued, Caroline Pope was certainly no stranger to the record title. Reichert and his subsequent grantees would have notice of the reservation of the mineral interest by the record owner, Caroline Pope, notwithstanding the fact that Mackoff's and Kellogg's interests did not appear of record. Not recording the deed by which Mackoff and Kellogg obtained their interests from Pope until 1953 would have no effect as to Sickler's right to the mineral estate as long as she was afforded record notice of the reservation. Because Sickler was afforded constructive notice of the severance of the mineral interests by the record owner, she cannot claim that she will be disadvantaged by the claims of Kellogg and the heirs of Mackoff because their claims will not exceed those to which the record owner would be entitled. Therefore, the doctrine of laches has no application in this situation.

A person dealing with real property is charged with notice of properly recorded instruments affecting title. *Schulz v. Hauck,* 312 N.W.2d 360 (N.D.1981). Elizabeth Sickler was afforded constructive notice of the mineral reservation by the special warranty deed which appears in the record chain of title and therefore must take her interest subject to that mineral reservation. A title examination could have revealed the defect in the chain of title and Sickler and her grantors could have protected themselves by having the title examined and a title opinion rendered before purchasing their interests.

For the reasons stated in this opinion the judgment of the district court is reversed.

ERICKSTAD, C.J., and SAND and VANDE WALLE, JJ., concur.

PEDERSON, Justice, dissenting.

The opinion authored by Justice Paulson states: "Real estate taxes for the year 1931 were not paid and the property was sold to the county for taxes on December 13, 1932." The chain of title from which defendants-appellants' interests arise goes back to the attempted conveyance of Caroline Pope on September 9, 1937 to her attorneys of a one-half interest in the property. At the time of this attempted conveyance, all that Caroline Pope could really give her attorneys was a right to redeem.

This is not a situation in which the principles from *Beulah Coal Mining Co. v. Heihn,* 46 N.D. 646, 180 N.W. 787 (1920); *Bilby v. Wire,* 77 N.W.2d 882 (N.D.1956); and *Payne v. A.M. Fruh Company,* 98 N.W.2d 27 (N.D. 1959), can be applied. The opposite situation is present.

Mackoff and Kellogg have never redeemed. The judgment should be affirmed.